LILLIS N. BUTCHER, Appellant, v. JEFFERSON CITY CABINET COMPANY, Appellee.—437 S.W.2d 256.

Middle Section. August 16, 1968.

Certiorari Denied by Supreme Court December 16, 1968.

60

James P. Brown, Knoxville, for appellant.

Milligan, Silvers & Coleman, Greeneville, for appellee.

SHRIVER, P.J. (M.S.). The parties will be referred to as complainant and defendant as they appeared in the Court below.

Complainant, Lillis N. Butcher, filed a bill in the Chancery Court of Jefferson County against the Jefferson City Cabinet Company, seeking an injunction to restrain defendant from causing water from its premises to flow onto the property of complainant and for an award of damages and for general relief.

The cause was heard on oral testimony before Chancellor Buford A. Townsend and resulted in an opinion and decree denying the relief sought and dismissing the bill. From this decree complainant appealed and has assigned errors.

## THE FACTS

In 1935 complainant and her husband, now deceased, acquired a tract of land of about 44 acres, a portion of which lies across the road from defendant's property. Defendant is a large manufacturing enterprise engaged in making cabinets for radios and stereo equipment and employs approximately 1,900 people. Complainant's bill charges that the defendant, in grading its lot preparatory to construction of its buildings, raised the level of the land 4 or 5 feet and, as a consequence, surface water was collected and caused to flow across the road onto her property damaging same.

It appears from the record that defendant's plant was built on ground which is higher in elevation than the highway separating it from the land of complainant,

while complainant's land is at a lower level. It further appears that the natural drainage of water from the area on which the defendant's plant is located is toward a small culvert under the highway leading from defendant's side to that of the complainant, which culvert and drainage was in existence before defendant's plant was built.

The part of complainant's land that is alleged to have been damaged by the flow of water consists of a field of about 4 acres which had been used for growing hay, but, according to the allegations of the bill, this land became practically worthless because of the flow of water onto it which also caused one or more sink-holes to develop thereon.

It is alleged and shown that complainant brought suit in the Circuit Court of Jefferson County against defendant for damages by reason of the diversion of water from defendant's plant onto her said property, and in 1960 she obtained a judgment for $2,500.00 damages against the defendant.

The bill in the case at bar seeks to recover for alleged additional damage which is said to have accrued since the judgment in the Circuit Court.

Defendant interposed a plea of res judicata based on the former action and a plea of the statute of limitations of three years and filed an answer in support of said pleas. In the answer it alleged, and the proof shows, that in 1956 defendant purchased the land on which it erected its plant and, after having cleared same, it erected buildings thereon which have been used continuously for the manufacture of cabinets for television and radio sets and that there was no material change in the contour of the land other than such as was necessary for the construc-

tion of the buildings, and that prior to the acquisition of this land there was a drainage culvert under the highway where the water naturally drained or discharged onto complainant's property as it had been doing for more than 20 years.

### THE CHANCELLOR'S OPINION

Chancellor Townsend filed a well reasoned opinion dealing with the facts and his conclusions of law, which opinion is as follows:

### "MEMORANDUM OPINION

This cause of action was filed by the complainant to abate and enjoin an alleged nuisance created by the defendant, and for damages created or caused by said nuisance to her property, from water overflowing upon her lands from the property of the defendants.

The present complainant also filed a suit for damages to her property in the Circuit Court for Jefferson County, Tennessee on January 25, 1960. The said cause of action was heard by a jury, which was demanded by complainant, and a judgment was returned for complainant in the sum of TWENTY-FIVE-HUNDRED ($2500.00) DOLLARS. The present suit was filed by the same person as in the Circuit Court case, same being filed for a judgment for damages, and injunctive relief.

The question in this suit is: should the plea of *Res Adjudicata* be sustained, or is this action a continuing one for which there is no adequate remedy at law. If this last question is answered in the affirmative, should an injunction be allowed to abate the alleged nuisance, and award damages.

To determine whether the plea of Res Adjudicata should be sustained—two essentials must be met—There must be identity of the parties in the separate actions; and judgment heretofore rendered by the jury must have been heard on the merits of the case, citing; Harris and Cole Brothers vs. Columbia Water and Light Company, 114 Tennessee P. 328 [85 S.W. 897].

The issue, or issues and the subject matter in the two suits must be the same and the former suit must be substantially the same party or parties as the present suit.

The former suit was filed by the complainant in this suit, same being filed in the Circuit Court of Jefferson County, Tennessee, against the same defendant as appears of record in this suit. In the former suit the complainant sought damages to her property by the surface water from the defendant's property being permitted to run over and upon her lands. The allegations were practically identical with those in the present suit in the Chancery Court. The allegations contain the averment that the property has been damaged beyond reasonable use by her and further rendered valueless. The present suit involves the same property as that in the former suit, and it also involves the same controversy.

To the present action by complainant the defendant interposed a plea of RES ADJUDICATA based on the former action in the Circuit Court; and also filed a plea of STATUTE OF LIMITATIONS of three years, supported by an answer.

In the answer of the defendant it is averred that the damages if any, created by the defendant, the basis of complainant's suit for recovery in a court of law, were permanent damages as distinguished from recurring

damages, and that she has been paid for such damages as shown by the decree of the court and jury in the former case. Based upon the foregoing facts the Court is of the opinion that she cannot now come into this court and seek compensation for the same damages as alleged in another court after a full hearing upon the merits by a *demanded* Jury, and approved by the court. The record also shows that complainant was represented by other counsel in that suit and that no appeal was taken from the verdict of the jury.

The answer also denies that the complainant is entitled to injunctive relief against the defendant, or any other relief since the damages have been adjudicated and paid. The defendant relies upon the case of ROBERTSON V. C. N. & T. P. RWY. COMPANY, decided by the Supreme Court of Tennessee on September 9, 1960, reported in [339] SW 2nd—6; 207—Tennessee Reports at page 272. The cited case involves a Railroad, and it was alleged that the operation of same damaged, depreciated and diminished the value of their property, and constituted a continuous and perpetual nuisance. They sought a recovery to the extent of the alleged depreciation. In the above cited case the Court quoted with approval from 34 Am.Jur. sec. 131 at page 106.

It is not necessary that the act or acts complained of be habitual or periodical. Where a single act produces a continuing result, the violation by a party may be complete without a recurrence of the violation. See: WILLIAMS VS. CROSS, 16 Tenn.App. at page 454-459 [65 S.W.2d 198], also GREEN VS. ARNOLD, 25 Tenn. App. at page 67 [150 S.W.2d 1075].

The case of Madison et al Vs. Ducktown Sulphur, Copper and Iron Co., Ltd., at 113 Tenn. Page 331 [83

S.W. 658], seems to be directly in point as to the right of complainant to injunctive relief especially where so many people are involved and are, or will be, greatly affected by such relief, if granted. See: 2 Story, Eq., Jur., sec., 959, also CLACK VS. WHITE, 2 Swan, 545 [540]. See also: Wood on Nuisances (3rd Edition P 1182) [Union] BANK and TRUST COMPANY, VS. [Memphis] HOTEL COMPANY—124 Tenn. 659 [649].

It is generally agreed that the Jurisdiction of this Court will not attach where a person has an adequate remedy at law, however, in this case the Circuit Court has heard the case on its merit and the Jury returned a verdict in favor of the complainant for alleged damages to the same property in the sum of $2500.00 twenty-five-hundred dollars, which amount has been paid in the former case, to complainant.

From the declaration in the former suit it appears that the case was fully heard on the merits, and the Jury awarded the complainant, same as in this suit, the full determined value for the damages to her property; and it appears to the Court that she, the Complainant, can not now come into this Court and file another suit involving the same parties, the same issues, the same property.

Therefore, in my opinion, the plea of ''Res Adjudicata'' should be sustained.

The Court does not find that negligence of the defendant caused the additional damage to Complainant's property, if any; but thinks that this court does not have the right to award further damages at this time, since the Judgment of the former Court was not challenged or appealed from, and the Court is of the opinion that any

further claim should be filed in the Law Court. The Complainant certainly has an adequate remedy in that court.

The Injunctive relief should also be denied at this time. The Attorneys may prepare an order in accordance with this memorandum; and, if desired, may also appear before the Court at Chambers, on any Friday in Sevierville, Tennessee.

/s/ Buford A. Townsend

Buford A. Townsend
Chancellor"

We concur in the findings of fact and conclusions of law as set out in the Chancellor's opinion.

In Robertson v. C. N. O. & T. P. Ry. Co., 207 Tenn. 272, 339 S.W.2d 6, it was said that if damage resulting from the commission of a nuisance is based on the negligence of defendant in operating its property so as to unnecessarily create damage, and the wrong is within the power of the defendant to correct by operating in a non-negligent manner, *damages* to the property of plaintiffs *are recurrent* and may be recovered from time to time until the nuisance is abated so long as the negligent operation continues. However, if the operation is done with due care considering the use thereof, and it is not contemplated that any change in operation will be made, the *damage is permanent* and the proper measure of damage is the injury to the fee.

In said case, the Court further held (as stated in Headnotes 3, 4 and 5, which accurately reflect the Court's opinion) as follows:

"3. ACTION. NUISANCE.

Where railroad switchyard was lawfully operated in proper and nonnegligent manner but acts neces-

sarily incident to proper operation of yard caused injury to plaintiffs' adjacent land, use of railroad yard and consequent injury were permanent in nature and measure of damages was amount of depreciation in market value in fee of realty and such damages were required to be recovered in one action.

## 4. LIMITATION OF ACTIONS.

Limitation of landowners' action against railroad to recover for permanent injuries to their property resulting from lawful operation of switchyard on adjacent property commenced running when operations resulting in the injury were commenced and when action was not commenced within three-year statutory period thereafter, it was barred. T.C.A. secs. 23-1424, 28-305.

## 5. LIMITATION OF ACTIONS.

Limitation of action to recover for injuries where original cause of injury was permanent in its nature commenced from the time of original act. T.C.A. secs. 23-1424, 28-305.''

In the case at bar, as hereinabove indicated, we think the Chancellor correctly concluded that the damage to complainant's property resulted chiefly, if not entirely, from the flow of water from the premises of defendant which water accumulated from the roof area, plus the parking area, that prevented surface absorption and that this condition prevailed from the time of the completion of the plant in 1957.

Complainant alleged, and introduced testimony to the effect, that water from the plant flowed onto her land even in the absence of rain. The proof seemed to clearly

indicate that the only water that was discharged from the plant as surface water came from the air conditioning equipment. Such water from the condensers was in rather insignificant amounts. However, to avoid any further complaint about this small amount of water the defendant in 1962 diverted the water from the condensers onto its own land where it was absorbed and has not flowed on plaintiff's land since that time.

We agree with the Chancellor's conclusion that there was no substantial damage from the water escaping from the condensers and that the award of damages to complainant by the jury in the Circuit Court was an adjudication of the question of damages raised in the instant suit.

It results that all assignments are overruled and the judgment of the Chancellor is affirmed.

Affirmed.

Puryear and Todd, JJ., concur.