FLETCHER'S GIN, INC., Plaintiff-Appellant,

v.

Les E. CRIHFIELD and Lake Chisholm Outing Club, Defendants-Appellees.

No. 19401.

United States Court of Appeals, Sixth Circuit.

April 9, 1970.

Erich W. Merrill, Memphis, Tenn., for plaintiff-appellant; James F. Ford, Kennett, Mo., on the brief; Ford, Ford & Crow, Kennett, Mo., Elam & Glasgow, Union City, Tenn., of counsel.

John S. Porter, Memphis, Tenn., for defendants-appellees; Joel Porter, Memphis, Tenn., M. Watkins Ewell, Jr., Dyersburg, Tenn., on the brief; Burch, Porter & Johnson, Memphis, Tenn., Ewell & Ewell, Dyersburg, Tenn., of counsel.

Before McCREE, COMBS and BROOKS *, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Fletcher's Gin, Inc., brought this diversity action against defendant-appellees, Les E. Crihfield and Lake Chisholm Outing Club, to recover for damages to its crops and to its farmland, which is lowland in western Tennessee adjacent to the Mississippi River. The damages allegedly were sustained as a result of a water backup caused by a dam the Outing Club constructed on Crihfield's property. Injunctive relief was also sought for removal of the dam. After a trial to the court, judgment was entered for the defendants and this appeal followed.

While plaintiff has raised several issues for review, the determinative issue is whether the District Court correctly ruled that plaintiff's cause of action was barred by Tennessee's three year statute of limitations.[1] Since this ruling of the District Court is found to be correct, we affirm, and it is not necessary to consider the other issues presented on appeal.

The dam in question was constructed in 1961 to backup the water of a small river so that the water level in Lake Chisholm, a lake owned by the Outing Club, would be adequate for recreational purposes. The dam was erected as a permanent structure by the Outing Club with the consent of plaintiff's predecessors in title and other owners of property along the river. While the dam did keep adequate water in Lake Chisholm for recreational purposes, it also produced backwater along the river that bordered plaintiff's farm and this made farming of the river land more difficult. The farm, however, was not purchased by plaintiff until 1964, more than three years after the land had already been damaged in certain areas by the backwater occasioned by it, and the present action was not filed until June, 1967, more than six years after the dam had been built.

■■ The memorandum decision of the District Court correctly holds that in accordance with Tennessee precedent the dam was a permanent nuisance. Robertson v. C. N. O. & T. P. Ry. Co., 207 Tenn. 272, 339 S.W.2d 6 (1960); City of Nashville v. Comar, 88 Tenn. 415, 12 S.W. 1027 (1890); Butcher v. Jefferson City Cabinet, Tenn.App., 437 S.W.2d 256 (1968). And since the dam was a permanent nuisance, it follows that plaintiff, if not barred by the statute of limitations, had a single cause of action, which was a right to relief for injury to the land. Caldwell v. Knox Concrete Products, Inc., 54 Tenn.App. 393, 391 S. W.2d 5 (1964); 39 Am. Jur. Nuisances § 131, p. 391; 1 Am.Jur. Actions § 153, pp. 665–666. The statute of limitations for such a cause of action is three years from the date on which the cause of action accrued. (T.C.A. § 28–305.)

■ Plaintiff contends, however, that the "cause of action" accrued as to it only when the land was purchased. While this would be true for injuries of the recurring type because there are as many "causes of action" as there are recurring injuries, C.N.O. & T. P. Ry. Co. v. Roddy, 132 Tenn. 568, 179 S.W. 143 (1915); Louisville and N. Terminal Co. v. Lellyett, 114 Tenn. 368, 85 S.W. 881 (1904); City of Murfreesboro v. Haynes, 18 Tenn.App. 653, 82 S.W.2d 236 (1935), in the case of a permanent injury, at

---

* The Honorable Henry L. Brooks, then Chief Judge of the United States District Court for the Western District of Kentucky, sat on this case by designation.

1. T.C.A. § 28–305 provides: "Actions for injuries to personal or real property * * shall be commenced within three (3) years from the accruing of the cause of action."

least conceptually, there is a single injury to the land which creates a single cause of action occurring when first the harm is inflicted. Robertson v. C. N. O. & T. P. Ry. Co., supra. Therefore, as stated above, plaintiff's cause of action accrued in 1961 and the three year statute of limitations had run by the time this action was filed.

 Plaintiff further contends that with respect to its claim for injunctive relief the seven year statute of limitations (T.C.A. § 28–203) for "any action, either at law or in equity, for the recovery of any lands * * *" applies and that its request for an injunction should not be barred. It is clear that a landowner has, under certain circumstances, a right to enjoin or abate a nuisance, Weakley v. Page, 102 Tenn. 178, 53 S.W. 551 (1898); Madison v. Ducktown Sulphur, Copper & Iron Co., 113 Tenn. 331, 83 S.W. 658 (1904); Caldwell v. Knot, 18 Tenn. 209 (1836), however, this action is not the same as a suit for recovery of land and the equitable relief of enjoining a nuisance must be brought within the prescribed time limits. See generally, 66 C.J.S. Nuisances § 123, p. 896. The District Court found that the three year statute of limitations applied and that since equity follows the law plaintiff's equitable relief was barred as was his legal relief. In Hughes v. Brown, 88 Tenn. 578, 13 S.W. 286 (1889) the rule is stated:

> "The application of the statutes in equity was determined by the cause of action, rather than the nature of the equitable relief sought.

> "The fact that the legal action was inadequate to obtain the relief which a court of equity could administer did not take the case out of the bar prescribed for the legal action on the same cause."

See also, Dixie Margarine Co. v. Shaefer, 139 F.2d 221 (6th Cir. 1943); Alsobrook v. Orr, 130 Tenn. 120, 169 S.W. 1165 (1914).

The judgment is affirmed.