William F. MARTIN et al., Plaintiffs-Appellees,

v.

William HAMIL and Donald Butler, d/b/a Pistakee Sand & Gravel Co., a Co-Partnership, Defendants-Appellants.

No. 79–1436.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 5, 1979.

Decided Dec. 28, 1979.

William E. Hartnett, Waukegan, Ill., for defendants-appellants.

Walter J. Reum, Chicago, Ill., for plaintiffs-appellees.

Before TONE and WOOD, Circuit Judges, and DUMBAULD, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

This appeal involves an interpretation of certain provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA). The plaintiffs, trustees of an employee pension benefit fund established pursuant to the Labor-Management Relations Act of 1947, 29 U.S.C. § 186(c)(5), and governed by ERISA,

---

* The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, is sitting by designation.

brought suit for declaratory relief. They sought a determination that defendants William Hamil and Donald Butler, doing business as partners, are ineligible to participate in the "employees only" pension fund. Further, they sought a ruling that defendants are not entitled to a refund for contributions improperly paid to the fund.

After a bench trial Judge Bua ruled that defendants could not participate in the employees' pension fund. He further ruled that defendants were not entitled to a refund for contributions made after January 1, 1975, the effective date of ERISA, because defendants did not show that they paid into the fund due to a mistake of fact. The court, however, refused to rule that defendants were not entitled to a refund for contributions made prior to January 1, 1975. The court concluded that claims concerning pre-1975 contributions must be pursued in state court. Defendants appeal the decision.

Defendants argue on appeal that, in paying into the pension fund, they reasonably relied on statements of a union business agent and an independent auditor to continue making payments to the fund; that their contributions resulted from a mistake of fact; that the pension fund cannot be unjustly enriched; and that ERISA does not forbid a refund unless the pension fund shows that the fund's securities are jeopardized. Plaintiffs, without filing a cross appeal, ask this court to hold that the refund of pre-1975 contributions, paid due to a mistake of law, is prohibited by the nonrev-

ersionary provisions of the Internal Revenue Code.

We affirm the district court's judgment.

## I

Defendants Hamil and Butler for several years were operating engineers and members of the International Union of Operating Engineers, AFL–CIO, Local 150. In 1971 defendants formed a small gravel pit mining business. They operated the business, Pistakee Sand & Gravel Co., as a partnership. In their new business the defendants operated cranes and continued to be union members.

In 1971 Pistakee Sand & Gravel became a party to a collective bargaining agreement with Local 150. Since 1972 continuous collective bargaining agreements with the union, signed by Pistakee Sand & Gravel, have provided for the Midwest Operating Engineers Pension Trust Fund and required participating employers to make employer contributions to the Trust Fund for the benefit of union employees.[1] Plaintiffs, the trustees of the Trust Fund, administer the Fund. The collective bargaining agreement requires the trustees to administer and maintain the Fund in accordance with the Labor-Management Relations Act of 1947 (LMRA), as amended, 29 U.S.C. §§ 141 *et seq.*, and the employee benefit plan is governed by the provisions of ERISA. One section of the LMRA, 29 U.S.C. § 186(c)(5), provides that a trust fund may only receive employer contributions "for the sole and exclusive benefit of the employees of such employer . . ."; the contributions may not inure to the benefit of the employer.[2]

---

1. The Midwest Operating Engineers Pension Plan is maintained pursuant to the collective bargaining agreement and the declaration of trust governing the Trust Fund. It is an employee benefit plan governed by provisions of ERISA.

2. Section 186, pursuant to which the pension fund admittedly was established, provides in pertinent part:
    (a) It shall be unlawful for any employer or association of employers . . . to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—

(1) to any representative of any of his employees who are employed in an industry affecting commerce;

.    .    .    .    .

(c) The provisions of this section shall not be applicable . . . (5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents . . . : *Provided,* That . . . (B) the detailed basis on which such payments are to be made is specified in a written agreement with the employer . . . .

In addition the collective bargaining agreement contained the following provision: "Anything to the contrary notwithstanding, an owner of a sole proprietorship, or a partner in a partnership or similar business entity, required to make Employer Contributions to the Trust Fund shall in no event be deemed an 'Employee.'" The trustees, on a monthly contribution report furnished to employers, presumably to make these other provisions clear, placed a legend which stated "PARTNERS OR A SOLE PROPRIETOR ARE NOT TO MAKE CONTRIBUTIONS ON THEIR OWN BEHALF."

Despite these provisions defendants Hamil and Butler, relying on the advice of a union business agent and an auditor, made contributions both before and after the effective date of ERISA to the Trust Fund on their own behalf.

## II

Initially, we note as defendants concede, that defendants are not entitled to any benefits from the employee pension plan. Provisions of the LMRA and the collective bargaining agreement indicate that contributions to this Trust Fund must be for the sole and exclusive benefit of employees, and that partners are not employees. Therefore, defendants may not receive benefits from the pension Fund. Defendants argue, however, that they are entitled to a refund from the Trust Fund because the mistake which led to their paying into the Fund should be excused.

■ We begin our analysis of this question by reference to section 403(c) of ERI-

SA. As a general rule this section provides that "the assets of a plan shall never inure to the benefit of any employer  . . . ." It then lists three exceptions to this rule. Section 403(c)(2)(A), the only relevant exception, explicitly permits restitution for contributions made by mistake of fact within one year after the payment of the contribution and does not include restitution for contributions due to a mistake of law.[3] Under the principle of statutory construction "expressio unius est exclusio alterius," the absence of an exception permitting restitution for mistake of law indicates that Congress did not intend to permit restitution for that reason. The exceptions listed are not different in kind from an exception for a mistake of law and we find it is a proper inference to draw, from the statutory section, that mistake of law is not an exception to the general rule.

An examination of the legislative history suggests nothing to contradict this inference. The only example in the legislative history of a mistake permitting restitution is that of an arithmetical error in calculating contributions. H.Conf.Rep. No. 93–1280, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 5038, 5083. This suggests narrow exceptions to the general rule excluding restitution for mistakes of law. We also note that two district courts that have considered this issue have concluded that Congress did not intend to permit restitution for a mistake of law. *Trowel Trades Pension Trust.Fund of Dade County v. Shirey*, No. 76–1544–Civ–PF (S.D.Fla. July 31, 1978); *Bacon v. Wong*, 445 F.Supp. 1189, 1193 (N.D.Cal. 1978). Therefore we conclude that, in this

29 U.S.C. § 186 (1976). *See also Reiherzer v. Shannon*, 581 F.2d 1266, 1273 (7th Cir. 1978); *Thurber v. Western Conference of Teamsters Pension Plan*, 542 F.2d 1106, 1108 (9th Cir. 1976).

**3.** Section 403(c) of ERISA provides in part:
(c)(1) Except as provided in paragraph (2) or (3) or subsection (d) of this section, or under sections 1342 and 1344 of this title (relating to termination of insured plans), the assets of a plan shall never inure to the benefit of any employer and shall be held for

the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.
(2)(A) In the case of a contribution which *is made by an employer by a mistake of fact*, paragraph (1) *shall not prohibit the return of such contribution to the employer within one year after the payment of the contribution.* 29 U.S.C. §§ 1103(c)(1), (c)(2)(A) (1976) (emphasis added).

case,[4] defendants are entitled to restitution for post-January 1, 1975 contributions under ERISA only if they paid contributions as a result of a mistake of fact.

■ An examination of the facts of this case reveals that defendants did not make contributions to the Fund because of a mistake of fact. The record shows defendants mistakenly relied on advice from a union business agent and an auditor in making contributions to the employee benefit plan. The defendants asked a business agent of the union whether they should continue making payments to the Trust Fund on their own behalf. When informed that the defendants personally operated cranes in their business and they retained union membership, the business agent advised defendants that "he really didn't know for sure . . . but to go ahead and pay until you hear from us." There was also unrefuted testimony that an auditor from an independent auditing firm sent by the Trust Fund to inspect defendants' contributions alerted a bookkeeper employed by defendants of the possible impropriety of these payments, but also told her not to stop making contributions until she heard from the union.

We do not interpret this asserted reliance to be a mistake of fact. The union business agent and the auditor were aware of defendants' status as partners. There is evidence that the union agent and the auditor believed it was proper to contribute for defendants' own benefit because defendants were still union members and were still operating cranes. A misunderstanding concerning the propriety under the Trust Fund and the agreement of partners, who are also union members and crane operators, contributing to the Fund for their own benefit is not a mistake of fact. Such a misunderstanding is based on a mistake concerning the coverage of the agreement which is a mistake of law. 13 *Williston on Contracts*, § 1581 at 535 (3d ed. 1970); *GAF*

*Corp. v. Amchem Products, Inc.*, 399 F.Supp. 647, 654 (E.D.Pa.1975), *rev'd on other grounds*, 570 F.2d 457 (3d Cir. 1978). A mistake of fact is not even tangentially involved in this case. *Compare Young v. Stone*, 76–863–Civ–WHM (S.D.Fla. Aug. 11, 1978) (mistake of fact).

### III

■ Defendants also argue, based on state restitution law and equitable principles, that the Trust Fund should not be unjustly enriched, that is, the Fund should not be enriched by mistakenly paid contributions. Defendants thus contend they should receive a refund. We disagree because we find that ERISA has preempted state restitution law in this area and that this is not a proper case for the application of equitable principles.

Section 514 of ERISA provides in part,

(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter *shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described* in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

29 U.S.C. § 1144(a) (1976) (emphasis added). This section appears to be a very far-reaching provision indicating a congressional intent to preempt state regulation of employee benefit plans. The legislative history of ERISA indicates that ERISA supersedes state laws relating to employee benefit plans in order to provide for uniform regulation of employee benefit plans. H.R.Rep. No. 533, 93d Cong., 2d Sess. 17, *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 4,639, 4,655. To this end Congress indicated that ERISA precludes restitution of contributions improperly paid by an employer after January 1, 1975 because of a mistake of law. We thus feel that section 514 of ERI-

---

**4.** The other exceptions permitting plan assets to inure to the benefit of employers embodied in 29 U.S.C. § 1103(c) are not applicable in this case.

SA preempts [5] any state law permitting refund of such contributions.[6]

■ We also do not believe that this is a proper case to apply any principles of equity. Congress has indicated that there should be no refund of contributions paid because of a mistake of law. To permit restitution of these mistakenly paid benefits because of any asserted unjust enrichment resulting from reliance on the apparent authority of others but not attributable to a mistake of fact would be directly counter to the legislative intent of ERISA. Equity cannot be invoked to compel an act which has been statutorily prohibited.[7] *Fletcher's Gin, Inc. v. Crihfield*, 423 F.2d 1066, 1068

(6th Cir. 1970). We refuse to hold that equity permits restitution.[8] Defendants unwisely assumed the risks.

## IV

■ Plaintiffs in their brief and at oral argument request that we rule that provisions of the Internal Revenue Code of 1954 dictate that contributions made by an employer to an employee benefit plan prior to January 1, 1975, the effective date of ERISA, due to a mistake of law are not refundable. Judge Bua held that plaintiffs' request for declaratory relief concerning pre-ERISA payments must be pursued in state court. Plaintiffs did not file a cross appeal.

5. We do note, however, that the exact scope of this preemption provision is still being struggled with in the courts. *See, e. g., Stone v. Stone*, 450 F.Supp. 919 (N.D.Cal.), appeal docketed, No. 78–2313 (9th Cir. June 21, 1978) (ERISA does not preempt state community property law); *Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 426 F.Supp. 316 (N.D.Ind.), *modified*, 567 F.2d 692 (7th Cir. 1977) (regulation of particular group insurance plan preempted); *Hewlett-Packard Company v. Barnes*, 425 F.Supp. 1294 (N.D.Cal.1977), *aff'd*, 571 F.2d 502 (9th Cir.), *cert. denied*, 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978) (ERISA preempts state health care service plan regulation). *See also* Comment, *Attachment of Pension Benefits Under ERISA*, 74 Nw.U.L.Rev. 255 (1979); Note, *Pension Law—Family Law—ERISA Preemption of Divorce Decree Enforcement Against Pension Plans*, 1979 Wis.L.Rev. 277. In this case we decide only that section 514 of ERISA preempts any state law which permits the refund of contributions paid to an employee benefit plan after January 1, 1975 because of a mistake of law.

6. We do not see that the fact the Fund's securities would not be jeopardized by restitution has any relevance to the determination that ERISA does not permit a refund of contributions made after January 1, 1975.

7. *Reuther v. Trustees of the Trucking Employees of Passaic & Bergen County Welfare Fund*, 575 F.2d 1074 (3d Cir. 1978), is distinguishable. In *Reuther* the court, finding that equitable principles are read into every federal statute of limitation, held that 29 U.S.C. § 1103(c)(2)(A) did not prohibit the refund of contributions made more than one year before the claim for a refund was made. The court limited its holding

to "the unusual circumstances" of that case. *Reuther*, 575 F.2d at 1079. *Reuther* dealt only with equitable principles and statutes of limitation. It is not unreasonable to conclude that Congress would recognize that equity principles are included within this statute of limitation. We only hold here that equity will not excuse contributions made by a mistake of law.

8. Defendants assert an independent basis which they claim permits a refund of their contributions. They argue that because they reasonably relied on the statements of a union business agent and an independent auditor they are entitled to a refund even though no mistake of fact is involved. Even if there are some situations in which it is reasonable to rely on advice from particular individuals we find that on these facts defendants were not entitled to rely on the advice they received. The record reveals that the defendants, by reason of documents furnished to them by plaintiffs, were fully aware of provisions in the collective bargaining agreement and on the monthly contribution report which prohibited partners and sole proprietors from paying into the fund for their own benefit. In addition, the record shows that both the union business agent and the independent auditor told defendants that they had some reservations about recommending continued contributions. On this record, any reliance would be unreasonable. The mistaken contributions are not attributable to the behavior of plaintiffs. To permit restitution here would be contrary to the interests of other pensioners. *Cf. Thurber v. Western Conference of Teamsters Pension Plan*, 542 F.2d 1106, 1109 (9th Cir. 1976) (not permitting reliance); *Melang v. Pension Fund*, 93 LRRM 2390 (W.D. Wash.1976) (not permitting reliance); *Young v. Stone*, 76–863–Civ–WHM (S.D.Fla. Aug. 11, 1978) (permitting reliance).

The law is settled that an appellee may defend a judgment on any ground consistent with the record, even if rejected in the lower court. But he cannot attack the decree with a view either to enlarging his own rights thereunder or to lessening the rights of his adversary unless he files a cross appeal, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.

C. Wright, *Law of Federal Courts*, § 104, at 523 (3d ed. 1976); *Morley Construction Co. v. Maryland Casualty Co.*, 300 U.S. 185, 191–92, 57 S.Ct. 325, 81 L.Ed. 593 (1937). Since plaintiffs did not file a notice of cross appeal we have no jurisdiction to consider their argument that pre-ERISA contributions are not refundable. A resolution of whether the Internal Revenue Code prohibits restitution of contributions made to an employee benefit plan prior to the effective date of ERISA due to a mistake of law will have to wait until another day.

Accordingly, the decision of the district court is affirmed.

AFFIRMED.