**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and Howard McDougall, Trustee, Plaintiffs,**

v.

**HOWARD BAER, INC., a Delaware Corporation, Defendant.**

No. 90 C 4490.

United States District Court, N.D. Illinois, E.D.

Jan. 2, 1991.

qualifying conviction.

Margaret M. Fahrenbach, Central States Southeast and Southwest Areas Pension and Health and Welfare Funds, Rosemont, Ill., for plaintiffs.

James P. Thompson, Kenneth E. Douthat, King & Ballow, North Nashville, Tenn., R. Clay Bennett, Keck, Mahin & Cate, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall as trustee ("Pension Fund") bring this suit under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* as amended by the Multiemployer Pension Act Amendments of 1980. Plaintiff Pension Fund seeks employer contributions from defendant Howard Baer, Inc. ("Baer") under the terms of ERISA as well as the terms of agreements between the parties.

As part of a collective bargaining agreement between Baer and Local Union No. 327 and/or 627 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Baer agreed to make contributions to the Pension Fund on behalf of covered employees. Baer also agreed to abide by the provisions of the Pension Fund trust agreement. On November 1, 1983, Baer entered into a participation agreement to that effect.

The Pension Fund alleges that Baer breached the collective bargaining agreement, the Pension Fund trust agreement, the participation agreement, and ERISA by failing to pay all the contributions owed to the Pension Fund based on work history reported for the period March 4, 1990 through June 30, 1990. The Pension Fund further claims that Baer failed to properly

report the work history of eligible employees from June 29, 1980 to December 27, 1986, from December 28, 1986 to December 30, 1989, and from December 31, 1989 to the present. Baer allegedly owes contributions based on that inaccurate reporting.

The Pension Fund asks for injunctive relief enjoining Baer from violating the provisions of ERISA, the Pension Fund trust agreement, the participation agreement and the collective bargaining agreement. In addition, the Pension Fund requests that defendant pay all contributions owed to date along with interest, attorneys' fees and costs.

In his answer, Baer asserts a counterclaim. The company alleges that it mistakenly paid certain sums of money to the Pension Fund during the period June 29, 1980 to March 1990. Baer seeks repayment of those sums.

The Pension Fund moves to dismiss Baer's counterclaim. For the reasons stated below, their motion is denied.

### ANALYSIS

Plaintiff Pension Fund points to three obstacles impeding Baer's counterclaim. First, the court does not have jurisdiction over an employer's claim for refund of overpayment. Second, an employer does not have a cause of action for recovery of mistaken contributions. Third, even if there is a cause of action, Baer has failed to exhaust administrative remedies before bringing suit. The court will face each obstacle in turn.

### I. Jurisdiction

 The Pension Fund is correct in arguing that the court does not have jurisdiction over this matter by virtue of the statutory provisions of ERISA. 29 U.S.C. § 1132(e)(1) merely provides for exclusive federal jurisdiction over civil actions brought by the Secretary or the participants, beneficiaries, or fiduciaries of a plan. The section makes no provision for employers. Nevertheless, the court has

jurisdiction to hear the matter under 28 U.S.C. § 1331 which gives federal courts jurisdiction to hear civil matters arising under federal law. As long as a matter "requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition", a federal court may entertain the claim. *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir.1974). Baer relies on 29 U.S.C. § 1103(c)(2)(A) to bring his counterclaim. Resolution of the claim necessarily requires construction of this statutory provision. Further, since the provisions of ERISA preempt state law in the area of employee benefit plans, determinations of ERISA matters, such as the refund of contributions, directly implicate federal law and policy. *See* 29 U.S.C. § 1144(a); *Martin v. Hamil*, 608 F.2d 725, 729 (7th Cir.1979). Accordingly, the court may hear the counterclaim. One obstacle down.

### II. Cause of Action

Turning to the cause of action hurdle, it is clear from the provisions of ERISA that employers are permitted to obtain refunds for overpayment of employer contributions to ERISA plans. 29 U.S.C. § 1103(c)(2)(A).[1] Less clear is whether employers have the *right* to seek refunds for overpayment. ERISA provisions do not provide for an explicit cause of action to recover mistakenly-paid employer contributions. And, a vast majority of courts have concluded that a cause of action cannot be implied from the provisions. *See Soft Drink Industry Local Union No. 744 Pension Fund v. Coca–Cola Bottling Co.*, 679 F.Supp. 743, 748 (N.D.Ill.1988) ("no implied right of action for an employer under the refund section"); *Dime Coal, Co. v. Combs*, 796 F.2d 394, 398 (11th Cir.1986) (no indication in statute or its legislative history that Congress intended an implied cause of action for employer overpayment); *Crown Cork & Seal Inc. v. Teamsters Pension Fund*, 549 F.Supp. 307, 311 (E.D.Pa.1982) (no "basis from which to infer an implied right of action for restitution by an employer"),

---

1. 29 U.S.C. § 1103(c)(2)(A) provides, in part, that a refund of contributions made by an employer pursuant to a mistake of fact or law shall not be prohibited.

*aff'd*, 720 F.2d 661 (3d Cir.1983). *But see Award Service, Inc. v. Northern California Retail Clerks Unions and Food Employers Joint Pension Trust Fund*, 763 F.2d 1066, 1068 (9th Cir.1985) (employer cause of action is properly implied), *cert. denied*, 474 U.S. 1081, 106 S.Ct. 850, 88 L.Ed.2d 890 (1986).

Some courts, finding neither an explicit nor an implied cause of action, have settled on a cause of action under federal common law. *See Kwatcher v. Massachusetts Service Employees Pension Fund*, 879 F.2d 957, 966 (1st Cir.1989) ("federal courts may award restitution to employers in ERISA cases where principles of equity make such an award appropriate"); *Plucinski v. I.A.M. Nat'l Pension Fund*, 875 F.2d 1052, 1057 (3d Cir.1989) (equitable cause of action exists). While the creation of federal common law is frowned upon, particularly in those situations where a federal statute speaks directly to the matter, pockets of federal common law have developed when necessary to supplement certain statutory schemes. It was the intention of Congress that the provisions of ERISA be supplemented with federal common law. "The legislative history demonstrates that Congress intended federal courts to develop federal common law in fashioning" additional appropriate recovery under ERISA. *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 3097, 87 L.Ed.2d 96 (1985) (Brennan, J., concurring); *Cummings by Techmeier v. Briggs & Stratton Retirement Plan*, 797 F.2d 383, 390 (7th Cir.) ("In appropriate circumstances, courts may develop a federal common law governing employee benefit plans in order to supplement the statutory scheme."), *cert. denied*, 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 703 (1986); *Whitworth Bros. Storage Co. v. Central States, Southeast and Southwest Areas Pension Fund*, 794 F.2d 221, 234–236 (6th Cir.) (ERISA preemption provision intended to create federal substantive law covering pensions), *cert. denied*, 479 U.S. 1007, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986).

In the case of refunds for employer overpayment, ERISA can be supplemented with the federal common law action of restitution. A claim for restitution is appropriate in employer refund actions since the employer, in effect, is asking that the plan disgorge unfair gains.

Relief under federal common law in the area of employer overpayment is consistent with the ERISA statutory scheme. As discussed, the scheme allows for refunds of excess employer contributions. "The weight of authority recognizes that an employer should have some remedy available in the event that a fund refuses a reasonable request for a refund of unlawful or mistaken contributions." *Central States, Southeast and Southwest Areas Pension Fund v. Houston Pipe Line Co.*, 713 F.Supp. 1527, 1534 (N.D.Ill.1989). Refund decisions, which are left unchecked in the hands of the trustees administering an ERISA plan, could give rise to abuse. Trustees may act in a self-interested manner, denying employers a fair and proper hearing. Such an unchecked decision-making process could very well damage the substance of the pension fund. Employers may delay payment to the fund until they can calculate with precision the amount they owe. Meanwhile, the fund is drained of working capital. These problems are avoided if employees have a cause of action against the trustees. *See Soft Drink*, 679 F.Supp. at 750 (federal common law action exists for restitution of excess contributions); *Central States Southeast and Southwest Areas Health & Welfare Fund v. Borden, Inc.*, 736 F.Supp. 788, 793 (N.D. Ill.1990) (allowing recovery under federal common law restitution cause of action).

The Seventh Circuit's decision in *Giardono v. Jones*, 867 F.2d 409 (7th Cir.1989) does nothing to undercut these conclusions. In *Giardono*, the court found only that the ERISA statute itself does not confer subject matter jurisdiction over employer refund claims. *Id.* at 413. The court did not reach the issue of federal question jurisdiction under 28 U.S.C. § 1331. Further, the court focused on whether *implying* a cause of action for parties not enumerated in the statute would extend the court's jurisdiction. *Id.* That concern does not arise in the case of a federal common law action

like restitution where the action is already within the jurisdiction of the court. *See The United States for Use of Atlas Construction Services Inc. v. Joseph Construction Co.*, No. 88 C 1709, 1989 WL 157510, 1989 U.S.Dist. LEXIS 14715, at 2, 3 (N.D.Ill. December 11, 1989) (although seventh circuit found in *Giardono* that statute did not imply private cause of action, federal common law may create cause of action).

Baer makes clear in its brief that one of the underlying bases for its refund of overpayment claim is the equitable principles of federal common law. While the law is by no means clear, a claim under the federal common law theory of restitution has viability. Thus, Baer surmounts this hurdle and heads for the final obstacle.

### III. Exhaustion of Administrative Remedies

■ Although the statutory provisions of ERISA make no mention of the need to exhaust administrative remedies prior to bringing suit, this and other circuits have indicated that claimants should first exhaust all administrative remedies under their ERISA plan regardless of whether their claim arises from the plan or the statutory provisions of ERISA. *Kross v. Western Electric Co, Inc.*, 701 F.2d 1238, 1244 (7th Cir.1983); *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). The application of the administrative exhaustion requirement in an individual ERISA case, however, remains in the sound discretion of the district court. *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 466 (7th Cir.1986), *cert. denied*, 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987).

The administrative exhaustion doctrine is not a bundle of absolutes. Courts may determine that application of the doctrine is unnecessary. Some have found that the doctrine is only appropriate when agency expertise is required or it is necessary to assemble a full factual record. Even where it is determined that the doctrine should be applied, there are exceptions. A claimant is not obliged to pursue adminis-

trative remedies if he is denied meaningful access to administrative procedures. And, a claimant need not exhaust such remedies if pursuit would be futile. *Carter v. Signode Industries, Inc.*, 688 F.Supp. 1283, 1286 (N.D.Ill.1988).

It is the latter exception that excuses Baer from exhausting administrative remedies in this case. Pursuit of Baer's claim would be an exercise in futility. In his counterclaim, Baer seeks repayment for monies it contributed to the fund over the period June 29, 1980 to March 1990. The Pension Fund has brought suit against Baer for payment of contributions owed to the fund for roughly the period June 1980 to June 1990. The mere fact that the Pension Fund has brought suit against Baer for nonpayment of funds during that period shows that they have already reached a conclusion about Baer's case—the company owes money to the fund; it is not entitled to a refund for overpayment. It is highly unlikely that the trustees of the fund would change their position in an administrative review where such a change which would strike at the heart of the present suit.

The practical considerations of the situation also counsel in favor of retaining Baer's counterclaim. A record on the matter of Baer's payments or non-payments to the fund will be established in federal court as a matter of course by virtue of the present case. As the counterclaim proceeds from the same set of facts as plaintiff's claims, both should be considered and decided together. The realities of Baer's situation propel the company over the final obstacle.

### CONCLUSION

Upon examination, the court finds that the obstacles enumerated by the Pension Fund do not impede Baer's counterclaim. Pension Fund's motion to dismiss Baer's counterclaim is denied.

IT IS SO ORDERED.