IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION

FILED

September 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

CHARLES SHEPHERD,

        Appellant,

v.

PERKINS BUILDERS,

        Appellee.

) C/A NO. 03A01-9704-CH-00145
)
) BLOUNT CHANCERY
)
) HON. CHESTER S. RAINWATER,
) CHANCELLOR
)
) AFFIRMED AND
) REMANDED

KEVIN W. SHEPHERD, Maryville, for Appellant.

ROBERT N. GODDARD, GODDARD & GAMBLE, Maryville, for Appellee.


**O P I N I O N**


Franks. J.


Shepherd's action for breach of construction contract against Perkins Builders (Perkins) was dismissed at the conclusion of trial by the Chancellor. Shepherd has appealed.

Shepherd's issues on appeal are whether the Trial Judge erred in dismissing Shepherd's claim on the grounds that Shepherd "failed to show a material breach of contract" and whether the Trial Court "incorrectly" limited Shepherd's "proof at trial".

On June 30, 1993, the parties entered an agreement for the construction of a dwelling house, and Perkins undertook construction. On December 1, 1993, Shepherd terminated the contract by letter for "failure to comply with agreement".

Perkins did no further work on the project, and Shepherd contracted with another builder on December 6, to complete the structure. Shepherd also brought an action against the other builder for shoddy workmanship in connection with the construction of the house.

The Chancellor, in his ruling, concluded that the plaintiff "failed to show by a preponderance of the evidence" that there was a material breach of the contract; that plaintiff had condoned the "actions" of Perkins in the beginning, and noted that the subsequent contract to complete the house was "in accordance with the original contract documents" and that if the work was not done in accordance to the contract "then that's a matter between . . . [Shepherd] and his subsequent contractor." Additionally, the Chancellor found that the damages claimed were speculative and indefinite.

Shepherd argues "that the most significant breach of the contract was the failure of the contractor to complete the house in a timely manner", and insists that the parties intended that the construction of the house would be completed by October 15, 1993. Essentially, Shepherd argues that time was of the essence for the completion of the house. In this connection, the Chancellor observed:

> The parties, in good faith, got together and attempted to work out an arrangement and agreement for the acquisition, some land and the construction of a residence home. To say the least, the paperwork in connection with this transaction is inartfully drawn. Lacking in many, many respects and really is at the base of this problem that these parties are having.

The agreement referred to is a boiler-plate form intended as a "contract for the sale of real estate" with addendums. The agreement provides that the parties would "close" no later that October 15, 1993." Possession was to be on the date of closing which was also conditional under the terms of the contract. Shepherd testified that construction did not start until September 22, and construction continued intermittently until Shepherd terminated the contract, when the house was

approximately one-third completed.

In determining whether time is of the essence, the entire agreement is considered, together with the circumstances of the parties and the subject matter. *Commerce Street Co. V. Goodyear Tire & Rubber Co.*, 31 Tenn. App. 314, 215 S.W.2d 4 (1949). Generally, time is not of the essence of a building and construction contract. 17 ACJS Contracts, §504(2). The evidence establishes that Shepherd was aware that the construction would not be completed long before the October 15 deadline, but allowed Perkins to continue working after that date, and encouraged Perkins to complete the job. Under the terms of the written agreement and the actions of the parties in relation thereto, we conclude that time was not of the essence in this contract, and that failure to complete by the October 15 date was not a material breach.

Also, we agree with the Chancellor's conclusions that the evidence does not establish a sufficient basis to award damages for defective construction, and as to any evidence of defects, it is conjectural as to the responsibility for this as between the contractors.

Finally, Shepherd argues that the Court improperly restricted the testimony of his witness, Charlie Jones, a home inspector, and asserts:

> The Court felt that the testimony in regards to an inspection, approximately two (2) years after Perkins Builders were discharged from the contract, was far too removed from the breach in question to be relevant. He instructed counsel to confine the line of questions to the particular issue, that being materials furnished to the benefit of the defendant.

Shepherd concedes that he did not make an offer of the testimony, but asserts what was excluded was "obvious from the context of the record", i.e., "the evidence sought to prove both the fact that the contract was not completed in a timely manner by the contractors, and that secondly, the work performed was of inferior quality and workmanship."

3

The Tennessee Rules of Evidence, Rule 103(a)(2) provides:

> **Effect of Erroneous Ruling.** Error may not be predicated upon a ruling which admits or excludes evidence, unless a substantial right of the parties is affected and . . . (2) **Offer of Proof.** In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the Court by offer or were apparent from the context.

Refusing to admit any evidence as to whether the contract was completed in a timely manner constitutes harmless error, in view of our finding on that issue, and as to the issue of whether the work was performed properly, such evidence would be fact-specific and the familiar rule requiring no citation is applicable, that where an appellant fails to make an offer of proof we will not reverse a Trial Judge on that evidentiary issue.

The judgment of the Trial Court is affirmed and the cause remanded with the costs of appeal assessed to Charles Shepherd.

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.