# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### (May 12, 2004 Session)

## RICHARD and FAYE ANDERSON, JIMMY B. AND JUDY PHILLIPS, JAMES AND MARY LOU KRAUSE v. AMERICAN LIMESTONE COMPANY, INC., HYDER CONSTRUCTION COMPANY, INC., AND CONSTRUCTION AND PAVING SERVICES, INC.

### Direct Appeal from the Circuit Court for Unicoi County
### No.  6230 Thomas J. Seeley, Jr., Circuit Judge

_____

### No. E2003-01979-COA-R3-CV  - FILED DECEMBER 16, 2004

_____

Appellants appeal (1) a jury determination that a rock quarry, an asphalt plant, and trucking activities did not create a nuisance and (2) the allowance of discretionary costs.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right, Judgment of the Unicoi County Circuit Court Affirmed, Case Remanded.**

Howell N. Peoples, Sp. J., delivered the opinion of the court in which Herschel P. Franks, P. J. and D. Michael Swiney, J., joined.

Thomas C. Jessee, Jessee & Jessee, Johnson City, Tennessee for the Appellants.

Ronald S. Range, Jr., Jennifer P. Keller, Baker, Donelson, Bearman, Caldwell & Berkowitz, Johnson City, Tennessee and Gary C. Shockley, Baker, Donelson, Bearman, Caldwell & Berkowitz, Nashville, Tennessee for Appellee, American Limestone Company.

Steven C. Rose, West & Rose, Kingsport, Tennessee, Lanny R. Norris, Norris, Bush & Byrd, Elizabethton, Tennessee, and Richard Norris, LaPorte & Norris, Elizabethton, Tennessee for Appellees, Hyder Construction Company, Inc. and Construction and Paving Services, Inc.

**OPINION**

Appellants filed their complaint in this matter on October 4, 2001 alleging that American Limestone Company, Inc. ("American Limestone") created a temporary nuisance in the operation of a rock quarry near Appellants' property because of blasting noise, noise from the operation, vibration and dust. They alleged that Hyder Construction Company, Inc. ("Hyder") and subsequently, Construction and Paving Services, Inc. ("Construction and Paving"), operated an asphalt plant as a temporary nuisance because of the smoke and odor emitted from the plant. Appellants alleged the temporary nuisance should be abated by injunction and payment of damages. They also alleged that the smoke, odor, dust and debris that entered their property because of operations of the rock quarry and asphalt plant constituted a trespass.

American Limestone filed an answer denying nuisance and trespass, and alleging comparative fault on the part of the other defendant and other parties not sued. American Limestone also alleged the claims were barred by the statute of limitations, estoppel, moving to the area, and laches. Hyder alleged it only operated an asphalt plant for a short period of time then sold it to Construction and Paving, alleged comparative fault of others, and denied the nuisance and trespass. Construction and Paving answered denying nuisance, trespass and alleging comparative fault.

Issues relating to blasting damages were raised and resolved by settlement. Also, original plaintiffs Elmer Bradshaw, Lillian Bradshaw and Vernon Shell settled their claims before or after the trial of this cause and did not participate in this Appeal.

An offer of judgment was filed by American Limestone and a counter-offer was filed by the original plaintiffs.

A jury trial resulted in a verdict that Appellees did not cause a nuisance or commit a trespass. The trial court ratified the verdict, granted the motion of American Limestone for discretionary costs, but denied such costs to Construction and Paving.

<u>Issues</u>

Appellants present the following issues:

1. Did the trial court err by charging both temporary and permanent nuisance and requiring the plaintiffs to offer proof of both?
2. Did the trial court err by submitting the issues of temporary or permanent nuisance to the jury?
3. Did the trial court commit error in charging comparative fault as it related to the causes of action for nuisance and trespass?
4. Did the trial court err in excluding videos offered in evidence by Appellants?
5. Does the weight of the evidence preponderate against the verdict?
6. Did the trial court err in awarding discretionary costs?

Standard of Review

Our review of the findings of fact in this case is limited. Tenn. R. App. P. 13(d) provides in pertinent part: "Findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict." When determining whether there is substantial evidence to support the verdict, we may not weigh the evidence or decide where the preponderance lies. We must "(1) take the strongest legitimate view of all the evidence in favor of the verdict; (2) assume the truth of all evidence that supports the verdict; (3) allow all reasonable inferences to sustain the verdict; and (4) discard all (countervailing) evidence." *Barnes v. Goodyear Tire and Rubber Co.*, 48 S.W.3d 698, 704 (Tenn. 2000) (citing *Crabtree Masonry Co. v. C & R Constr., Inc.*, 575 S.W.2d 4,5 (Tenn. 1978); *Black v. Quinn,* 646 S.W.2d 437, 439-40 (Tenn.App. 1982)).

Questions of law are reviewed de novo without a presumption of correctness. *Ali v. Fisher*, 145 S.W.3d 557 (Tenn. 2004). Consideration of evidentiary issues is limited to those errors that affect a substantial right of a party. Tenn. R. Evid. 103(a).

Discussion

I.

Appellants assert that the trial court erred by charging both temporary and permanent nuisance and requiring them to offer proof of both. Appellants argue that their complaint only alleged temporary nuisance and never asked for damages for a permanent nuisance. A temporary nuisance is defined as one that "can be corrected by the expenditure of labor or money." *Pate v. City of Martin*, 614 S.W.2d 46, 48 (Tenn. 1981). Appellants contend the evidence established that money and labor could limit the time and extent of operations of the asphalt plant and rock quarry and, therefore, the trial court should only have given a charge on temporary nuisance.

The parties, by their pleadings, make up the issues to be resolved by the court. In this case, the Appellees filed answers asserting that Appellants' claims of nuisance were barred by the statute of limitations. This defense applies to a permanent nuisance. When a nuisance is temporary and continuous, the continuation is a new offense entitling a plaintiff to recover damages occurring within the limitations period, even though the nuisance has existed longer than the limitations period. *Kind v. Johnson City*, 63 Tenn. App. 666, 672, 478 S.W.2d 63, 66 ((1970). When a nuisance is permanent, the statute of limitations commences to run from the time of the creation of the nuisance. *Robertson v. Cincinnati, New Orleans & Texas P. Ry. Co.*, 207 Tenn. 272, 339 S.W.2d 6 (1960). The issues raised by the pleadings necessarily required the court to determine whether the nuisance, if any, was temporary or permanent. The parties were free to offer such evidence as they chose on the issues. We find no error in the trial court's charge.

## II.

Appellants next assert that the issue of whether Appellees' operations constituted a temporary or permanent nuisance was a question of law to be determined by the court and not by the jury. In the case of *Caldwell v. Knox Concrete Products Inc.*, 54 Tenn. App. 393, 391 S.W.2d 5 (1964), the Court of Appeals stated:

> We also are of the opinion that the issue of whether the nuisance, if found to exist, was permanent or temporary and consequently, whether the plaintiff's cause of action was barred by the three year limitation on actions to recover damages to real property (T.C.A. § 28-305)[1], was a question of fact for the jury.

391 S.W.2d at 11. Thus, the trial court appropriately submitted to the jury the issue of whether a nuisance, if any, was temporary or permanent.

## III

Appellants complain that the trial court committed error in charging comparative fault as it related to the causes of action for nuisance and trespass. Each of the Appellees alleged the defense of comparative fault with regard to both parties to the suit and non-parties. Since the jury determined that the operations of the Appellees did not constitute either a nuisance or trespass, this issue requires no in depth discussion. As noted by the Middle Section of the Court of Appeals,

> Plaintiffs argue that comparative fault is inapplicable to an action for nuisance. No Tennessee authority is cited for such a rule, and this Court is not disposed to initiate such a rule under the circumstances of this case.

*Blackwell, v Westerfall,* No. 01-A-01-9410-CV-00493, 1995 Tenn. App. LEXIS 226 (Tenn. Ct. App. April 7, 1995).

## IV

Appellants next assert the trial court erred in excluding videos offered in evidence by Appellants. It should be noted that parts of the videotape were presented to the jury. Some portions were excluded by the trial court on the following grounds: (1) Oral commentary on videotape was more prejudicial than probative, and (2) perspective rendered by the camera's zoom lens made the alleged nuisance appear closer to Appellants' property than was actually the case.

---

[1] Now codified at Tenn. Code Ann. § 28-3-105

Generally in Tennessee, a trial court's ruling on the admissibility of evidence is within the sound discretion of the trial judge. Further, trial courts are accorded a wide degree of latitude in their determination of whether to admit or exclude evidence, even if such evidence would be relevant. A trial court's evidentiary ruling will only be overturned on appeal upon a showing of abuse of discretion.

*Dickey v. McCord*, 63 S.W.3e 714, 723 (Tenn. App. 2001) (citing *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442 (Tenn. 1992)). Furthermore, Tennessee courts have long held that the trial judge is given great discretion in determining whether a photograph (or video) is admissible into evidence. *State v. Evans*, 838 S.W.2d 185, 193 (Tenn. 1992).

A videotape is subject to the same scrutiny as a photograph in determining its admissibility. Cohen, Sheppeard, and Paine, *Tennessee Law of Evidence* § 4.01[18] (4th ed. 2000). The videotape must be relevant and not unfairly prejudicial and must be a true and accurate depiction of the events it recorded. *Id.*

We further note that Appellants made no offer of proof of any excluded videotapes. An appellate court will not reverse a trial court's ruling excluding evidence in the absence of an offer of proof. *Dickey*, 63 S.W.3d at 723 (citing *Shepherd v. Perkins Builders*, 968 S.W.2d 832, 834 (Tenn. App. 1997)). We find that the trial court did not abuse its discretion in excluding the videotapes.

V.

Appellants assert that the weight of the evidence preponderates against the verdict. The trial of this case extended over six days and involved the testimony of 27 witnesses and over 200 exhibits. Appellants generally testified that the operations of the defendants caused dust, noise, blasting, vibration, and odors that created a nuisance. The jury found that no nuisance was created by the Appellees. Our review of the evidence is limited to

a search of the record to ascertain if material evidence is present to support the verdict. It matters not a whit where the weight or preponderance of the evidence lies under a material evidence review. The reviewing Court might well be of the opinion that the evidence preponderates heavily against the judgment below, but under the material evidence review, if material evidence is found to support the judgment, that is evidence from which a trier of facts, if he were inclined to believe it, could reach the conclusion reached, then, the judgment based thereon must be affirmed.

*Estate of Glasgow v. Whittum*, 106 S.W.3d 25, 27-28 (Tenn. App. 2002).

Appellant Richard Anderson testified that he was particularly sensitive to noise[2], but had not had noise levels measured; nor had he had dust analyzed to determine its source, or testing to measure vibration or blasting. Appellant Mary Lou Krause admitted that she had white laundry hanging outside on her clothesline with trucks going by and the quarry and the asphalt plant operating. Appellant Jimmy Phillips testified that he only got dust when the quarry was blasting at the same time the wind was blowing from the south; he was unaware of any citations for violation of state standards on air emissions or blasting or for water discharges from the quarry. Warren Klutz, a real estate appraiser called as a witness by counsel for the Appellants, testified that the asphalt plant was closed the day he visited the properties, but the quarry was in operation and there was no blasting or vibration or noise and no significant truck traffic.

Jimmy Wingfield, an environmental scientist employed by Appellees to collect particulate air samples, was called as a witness by counsel for Appellants. He testified that the asphalt plant was running while he was present collecting samples, and he did not hear it running or smell any odor. Russell James Funkhouser, an audiologist hired by one of the Appellees, was called as a witness by Appellants; he testified that he heard no noise that caused him discomfort from the asphalt plant that was in operation when he was conducting tests.

Doug Rutherford, called as a witness by Appellees, owns a house and land adjacent to the rock quarry and is the closest neighbor to the asphalt plant. He testified that blasting and dust from the operation of the quarry is not a problem, that odor from the asphalt plant does not bother him and that the noise is not a nuisance to him. Lawrence Owens, also a neighbor of American Limestone, testified that trains were the only nuisance in the area.

Appellees called officials and employees of the companies to testify that the companies were in compliance with State of Tennessee regulations. David R. Zeigler, a seismic vibration consultant, testified that records over approximately seven years showed that the vast majority of blasting measurements was below one-quarter of the state limits on blasting vibration and 80 percent of the measurements were below one-eighth of the state limits. Charles Williamson, also a geologist, seismic vibration consultant, testified that his company had monitored blasting operations at the quarry for six years and had never measured ground movement in excess of the state limits.

Dr. James W. Theilin, a professor of audiology at the University of Tennessee, testified that he took three sets of measurements at the homes of the Appellants. One set of measurements was made at night to find out the quietest conditions that existed, a second set was made on a Saturday morning when there would be typical road traffic. A third set of measurements was made when the quarry was in full operation. Compared to the Saturday measurements, the decibels recorded when the quarry was operating were one decibel higher at the Krause house, four decibels higher at the Phillips house and half a decibel lower at the Anderson house. Dr. Theilin testified that at no time during the measurements did he experience any discomfort or inconvenience in hearing.

---

[2] In determining whether a nuisance is created, the criterion for a fact finder is the effect of a particular use of property on persons of ordinary health and sensibilities. *Jenkins v CSX Transp., Inc.*, 906 S.W.2d 460 (Tenn. App. 1995).

Other witnesses, who owned and lived on property near or adjacent to the operations of the Appellees, contradicted testimony of Appellants concerning a nuisance and testified that they considered Appellees to be good neighbors.

Appellants' assertions concerning the preponderance of the evidence do not address the standard of review applicable to this case. The testimony noted above clearly establishes material evidence to support the verdict of the jury.

VI.

Appellants complain that the trial court erred in awarding two-thirds of American Limestone's requested discretionary costs for "all reasonable and necessary court reporter and expert testimony expenses." Decisions to award expenses under Tenn. R. Civ. P. 54.04(2) are discretionary. "A party is not automatically entitled to discretionary costs simply because it prevailed. However, courts generally award discretionary costs if they are reasonable and if the prevailing party has filed a timely, properly supported motion." *Scholz v. S.B. Intern., Inc.*, 40 S.W.3d 78, 84 (Tenn. App. 2000) (internal citations omitted). Appellants claim that two of the original plaintiffs settled their claims entirely after an offer of judgment was made and that all the plaintiffs settled their claims for blasting damages prior to the trial. Expenses related to those claims should not be allowed as those claims were not tried. American Limestone responds that the expenses incurred and detailed in its motion were duly incurred in the preparation of the case for the trial that did take place and were not materially changed by the settlements. The trial court reduced the requested expenses by one-third. Appellants have failed to show the award constituted an abuse of discretion.

Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants and their surety.

_____
Howell N. Peoples, Special Judge