# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 30, 2012

## ROSE A. CHAPMAN, ET AL. v. WELLMONT HOLSTON VALLEY MEDICAL CENTER

**Appeal from the Law Court for Sullivan County**
**No. C37742(C)      E.G. Moody, Judge**

———————————————

**No. E2012-01163-COA-R3-CV-FILED-DECEMBER 21, 2012**

———————————————

Rose A. Chapman and Alfred C. Chapman ("Plaintiffs") sued Wellmont Holston Valley Medical Center ("the Hospital") regarding a fall Ms. Chapman suffered while a patient at the Hospital. The Trial Court entered judgment upon the jury's verdict finding and holding that the Hospital was not at fault. Plaintiffs appeal raising one issue regarding whether the Trial Court erred in granting the Hospital's motion in limine to exclude testimony about an apology and offer to pay bills allegedly made by one of the Hospital's nurses. We find this issue has been waived, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Law Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Wendal D. Jackson, Bristol, Tennessee, for the appellants, Rose A. Chapman and Alfred C. Chapman.

Russell W. Adkins, Kingsport, Tennessee, for the appellee, Wellmont Holston Valley Medical Center, a member of Wellmont Health System.

# OPINION

## Background

Ms. Chapman was admitted to the Hospital suffering from anemia. She underwent an endoscopy and a colonoscopy. After the colonoscopy, Ms. Chapman was taken back to her hospital room where she received assistance from an employee of the Hospital in getting to the bathroom and on to the toilet. While on the toilet, Ms. Chapman had a vagal response wherein her heartbeat slowed and stopped. She fainted and fell off the toilet. Ms. Chapman suffered injuries from the fall including bruising and an alleged injury to her knee.

Plaintiffs sued the Hospital alleging that the nursing staff had been negligent in leaving Ms. Chapman unattended on the toilet. The case was tried before a jury and the Trial Court entered judgment upon the jury's verdict on April 11, 2012 finding and holding that the Hospital was not at fault. Plaintiffs filed a motion for new trial, which the Trial Court denied. Plaintiffs appeal to this Court.

## Discussion

Although not stated exactly as such, Plaintiffs raise one issue on appeal: whether the Trial Court erred in granting the Hospital's motion in limine[1] to exclude testimony about an apology and offer to pay bills allegedly made by Nurse Gay Gillis for the Hospital.

As this Court discussed in *Hampton v. Braddy*:

An erroneous exclusion of evidence requires reversal only if the evidence would have affected the outcome of the trial had it been admitted. *Pankow v. Mitchell*, 737 S.W.2d 293, 298 (Tenn. Ct. App. 1987). Reviewing courts cannot make this determination without knowing what the excluded evidence would have been. *Stacker v. Louisville & N. R.R. Co.*, 106 Tenn. 450, 452, 61 S.W. 766 (1901); *Davis v. Hall*, 920 S.W.2d 213, 218 (Tenn. Ct. App. 1995); *State v. Pendergrass*, 795 S.W.2d 150, 156 (Tenn. Crim. App. 1989). Accordingly, the party challenging the exclusion of evidence must make an offer of proof to enable the reviewing court to determine whether the trial court's exclusion of proffered evidence was reversible error. Tenn. R.

---

[1]The Hospital filed multiple motions in limine. We discuss only the motion in limine pertinent to this appeal.

Evid. 103(a)(2); *State v. Goad*, 707 S.W.2d 846, 853 (Tenn. 1986); *Harwell v. Walton*, 820 S.W.2d 116, 118 (Tenn. Ct. App. 1991). Appellate courts will not consider issues relating to the exclusion of evidence when this tender of proof has not been made. *Dickey v. McCord*, 63 S.W.3d 714, 723 (Tenn. Ct. App. 2001); *Rutherford v. Rutherford*, 971 S.W.2d 955, 956 (Tenn. Ct. App. 1997); *Shepherd v. Perkins Builders*, 968 S.W.2d 832, 833-34 (Tenn. Ct. App. 1997).

As stated, an offer of proof must contain the substance of the evidence and the specific evidentiary basis supporting the admission of the evidence. Tenn. R. Evid. 103(a)(2). These requirements may be satisfied by presenting the actual testimony, by stipulating to the content of the excluded evidence, or by presenting an oral or written summary of the excluded evidence. Neil P. Cohen, *et al. Tennessee Law of Evidence* § 103.4, at 20 (3d ed. 1995). Since we are unable to determine the substance of … [the excluded] testimony and whether that testimony would have affected the outcome of the trial, the failure of the defendant to make an offer of proof constitutes a waiver of the right to challenge the exclusion of this testimony. *Hatton v. CSX Transportation, Inc.*, 2004 Tenn App LEXIS 412, Tenn. App. No. E2003-01831-COA-R3-CV, 2004 WL 1459391 (Tenn. Ct. App. June 29, 2004).

*Hampton v. Braddy*, 270 S.W.3d 61, 65 (Tenn. Ct. App. 2007) (quoting *Thompson v. City of LaVergne*, No. M2003-02924-COA-R3-CV, 2005 WL 3076887, at *9 (Tenn. Ct. App. Nov. 16, 2005), *perm. app. denied April 24, 2006*).

To begin, we note that the record on appeal does not contain the Trial Court's order ruling upon the motion in limine at issue. The record contains an order entered on March 20, 2012 disposing of several other motions in limine, which states, in pertinent part: "The Court defers ruling on Defendant's motion in limine number 5[2]." A careful and thorough review of the record on appeal reveals no order, oral or written, disposing of this motion in limine. As such, we are unable to determine the Trial Court's decision with regard to this motion in limine. We do note, however, that the Hospital states in its brief on appeal that "undersigned counsel recollects that the Court later granted Wellmont's Motion in Limine Number 5, and that an Order to that effect was circulated among counsel. However, the Technical Record does not contain any Order disposing of the Motion." The lack of an order in the record with regard to the Trial Court's disposition of motion in limine number 5 is fatal to the issue raised by Plaintiffs on appeal. This Court will not assume that the Trial

---

[2]Motion in limine number 5 is the motion in limine to exclude testimony about an apology and offer to pay bills allegedly made by Nurse Gay Gillis for the Hospital.

Court granted a motion without some proof in the record thereof.

Even if we assume that the Trial Court granted the Hospital's motion in limine to exclude testimony about an apology and offer to pay bills allegedly made by Nurse Gay Gillis for the Hospital, Plaintiffs still lose on appeal. Plaintiffs made no offer of proof regarding the substance of the excluded evidence and the specific evidentiary basis supporting its admission.

Plaintiffs argue in their brief on appeal that an offer of proof was unnecessary because the substance of the excluded evidence can be gleaned from statements made by opposing counsel in the Hospital's motion in limine. The Hospital's motion in limine states, in pertinent part: "In her discovery deposition, Mrs. Chapman testified that Ms. Gillis 'said that the hospital took full responsibility, and they would pay my bills.' Plaintiffs' counsel informs counsel for Defendant that other family members will testify about that purported conversation." This statement does give us some clue as to what the substance of the excluded evidence would have been.

Plaintiffs, however, failed to show the specific evidentiary basis supporting the admission of this evidence. Plaintiffs assert in their brief on appeal that the testimony about the alleged statements made by Ms. Gillis are admissible as a statement against interest. As pertinent to this issue, Tenn. R. Evid. 803 provides:

> **Rule 803. Hearsay exceptions.** – The following are not excluded by the hearsay rule:
>
> * * *
>
> (1.2) Admission by Party-Opponent. – A statement offered against a party that is (A) the party's own statement in either an individual or a representative capacity, or (B) a statement in which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by an agent or servant concerning a matter within the scope of the agency or employment made during the existence of the relationship under circumstances qualifying the statement as one against the declarant's interest regardless of declarant's availability, or ….

Tenn. R. Evid. 803.

Plaintiffs failed to show that the testimony about an apology and offer to pay

bills allegedly made by Nurse Gay Gillis for the Hospital fits within any of the categories of Tenn. R. Evid. 803 (1.2). We cannot, and will not, simply assume that Nurse Gay Gillis was authorized by the Hospital to make a statement against the Hospital's interests or that the Hospital adopted any of her alleged statements. The record is devoid of any proof or offer of proof that Nurse Gay Gillis was acting in a representative capacity, was authorized by the Hospital to make any such statements, or that the alleged statements concerned a matter within the scope of Nurse Gay Gillis's agency or employment. The fact that Nurse Gay Gillis was employed by the Hospital is insufficient by itself to show that the evidence was admissible pursuant to Tenn. R. Evid. 803 (1.2).

In summary, we are unable to tell from the record before us exactly what evidence would have been admitted as we cannot assume that the evidence would have been admissible. We, therefore, are unable to determine that such evidence would have affected the outcome of the trial. Given all of the above, this issue has been waived.

## Conclusion

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Rose A. Chapman and Alfred C. Chapman, and their surety.

_____
D. MICHAEL SWINEY, JUDGE

-5-