IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 31, 2003 Session

**CARROLL CLABO, ET AL v. GREAT AMERICAN RESORTS, INC. v. JIM FALIN, d/b/a FALIN EXCAVATING AND DEVELOPMENT**

**Appeal from the Circuit Court for Sevier County**
**No. 96-204-III      Rex Henry Ogle, Judge**

**FILED MAY 21, 2003**

**No. E2002-01008-COA-R3-CV**

Carroll Clabo and wife, Blanche Clabo; Dorothy Reed and husband, Earl Reed; Edna Myers and husband, Jerry Myers; and Kate Clabo and husband, Junior Clabo ("Plaintiffs") and Great American Resorts, Inc. ("Defendant") own neighboring properties in Gatlinburg, Tennessee. Defendant developed its property and during construction altered the natural drainage causing rainfall to be diverted onto Plaintiffs' properties. The diverted water caused a landslide that destroyed the access roadway to Plaintiffs' properties and caused damage to Carroll and Blanche Clabo's house. The Trial Court found a permanent nuisance existed and awarded all Plaintiffs damages for diminution in value and $10,000 for the damage to Carroll and Blanche Clabo's house. Defendant appeals claiming the Trial Court erred in finding a permanent nuisance. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

C. Dan Scott, Sevierville, Tennessee, for the Appellant, Great American Resorts, Inc.

Robert L. Ogle, Jr., Sevierville, Tennessee, and Jerry H. McCarter, Gatlinburg, Tennessee, for the Appellees, Carroll Clabo and wife, Blanche Clabo; Dorothy Reed and husband, Earl Reed; Edna Myers and husband, Jerry Myers; and Kate Clabo and husband, Junior Clabo.

# OPINION

## Background

Plaintiffs and Defendant own neighboring properties in Gatlinburg, Tennessee. Plaintiffs Carroll and Blanche Clabo own one lot upon which their house sits and one lot that contains a cabin the Clabos use as a rental property. The remaining Plaintiffs each own unimproved lots.

Defendant developed its property by building rental cabins on it. During construction on Defendant's property, the natural drainage was altered in such a way that water from rainfall was diverted onto a road over the right of way that provided access to Carroll and Blanche Clabo's cabin and the unimproved lots. The diverted water caused a landslide that destroyed a portion of this road. The water also damaged Carroll and Blanche Clabo's house. The property where the landslide occurred that destroyed the road is owned by a non-party to this suit, Glassblowers of Gatlinburg.

Plaintiffs sued for permanent nuisance seeking damages for diminution in value of this land. Defendant filed a Third Party Complaint against Jim Falin, d/b/a Falin Excavating and Development ("Falin") claiming if wrongful diversion of water was caused by the construction, Falin would be liable under theories of breach of contract and negligent construction and/or negligent design. Falin filed a motion for summary judgment claiming the action was time barred. The Trial Court entered an order in February of 2001, granting Falin summary judgment. This summary judgment is not before us in this appeal.

The case was tried in February of 2002. George Brian Fowler, Plaintiffs' engineering expert, testified on cross-examination "the slide" could be repaired given the expenditure of labor and money. Mr. Fowler also testified he had seen a plan for repairing the slide prepared by Cherokee Sprinkler Systems. On redirect examination, Mr. Fowler testified the "problem" could have been avoided if "the pipe" had not been placed there, or if a concrete or paved channel had been constructed to direct water down the slope. Plaintiffs' expert certified appraiser, Troy Shaver, testified on cross-examination that it was possible to fix the roadway, "[b]ut the cost to fix it would be more than - -. . . ."

The Trial Court found Defendant liable for damages caused by the alteration in the natural flow of water and further found the roadway had been permanently destroyed. The Trial Court found a permanent nuisance existed and awarded Plaintiffs damages for diminution in value as follows: Carroll and Blanche Clabo $30,000.00; Dorothy and Earl Reed $63,000.00; Edna and Jerry Myers $27,000.00; and Kate and Junior Clabo $18,500.00. The Trial Court also awarded $10,000 for the damage to Carroll and Blanche Clabo's house. Defendant appeals claiming the Trial Court erred in finding a permanent nuisance and awarding damages for diminution in value. Defendant, however, does not contest the award of $10,000 to Carroll and Blanche Clabo for the damage to their house.

**Discussion**

Although not stated exactly as such, Defendant raises one issue on appeal: whether the Trial Court erred in finding a permanent, rather than temporary, nuisance and awarding damages based upon diminution in market value of the properties. Defendant does not argue that the Trial Court erred in finding a nuisance. Defendant argues only that the Trial Court erred in finding a permanent rather than a temporary nuisance existed, which resulted in the wrong measure of damages being allowed.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

"A nuisance has been defined as anything which annoys or disturbs the free use of one's property, or which renders its ordinary use or physical occupation uncomfortable." *Pate v. City of Martin*, 614 S.W.2d 46, 47 (Tenn. 1981). A nuisance is either temporary or permanent and the law in Tennessee is well settled as to the proper measure of damages for each category.

A temporary nuisance is defined as:

[one] which can be corrected by the expenditure of labor or money . . . . Where the nuisance is temporary, damages to property affected by the nuisance are recurrent and may be recovered from time to time until the nuisance is abated. "The measure of such damages [is] the injury to the value of the use and enjoyment of the property, which may be measured to a large extent by the rental value of the property, and extent that rental value is diminished."

*Id.* at 48 (citations omitted). *Accord, e.g., Nashville v. Comar*, 12 S.W. 1027, 1030 (Tenn. 1889); *Harmon v. Louisville, New Orleans & Texas R.R. Co.*, 11 S.W. 703, 704 (Tenn. 1889); *Pryor v. Willoughby*, 36 S.W.3d 829, 831 (Tenn. Ct. App. 2000); *Hayes v. City of Maryville*, 747 S.W.2d 346, 350 (Tenn. Ct. App. 1987); *City of Murfreesboro v. Haynes*, 82 S.W.2d 236, 238 (Tenn. Ct. App. 1935).

A permanent nuisance is one that is "presumed to continue indefinitely, and is at once productive of all the damage which can ever result from it . . . ." *Caldwell v. Knox Concrete Prods., Inc.*, 391 S.W.2d 5, 11 (Tenn. Ct. App. 1964). The proper measure of damages for a permanent nuisance is "the injury to the fee or permanent value of the property . . . ." *Louisville & Nashville Terminal Co. v. Lellyett*, 85 S.W. 881, 890 (Tenn. 1905). *Accord, e.g., Harmon*, 11 S.W. at 704; *City of Murfreesboro*, 82 S.W.2d at 238.

As this Court has noted, neither definition of nuisance is entirely satisfactory because "nearly every nuisance could be abated by the devotion of enough time and money to it; and a permanent improvement to property may, in conjunction with the forces of nature, cause harm only periodically." *Kearney v. Barrett*, No. 01-A-01-9407-CH-00356, 1995 Tenn. App. LEXIS 4, at *5 (Tenn. Ct. App. Jan. 4, 1995), *appl. perm. appeal denied April 24, 1995*. It is helpful to look, as did older Tennessee cases, at "whether the harm resulted from reasonable and lawful operations on the defendant's property . . . . (as opposed to negligent) and still interfered with the use and enjoyment of the plaintiff's property . . . ." *Id*. If the damages resulting from the nuisance are due to the fact that the defendant is "negligently operating its property so as to unnecessarily create the damage" and it is within the defendant's power to operate in a non-negligent manner, then the nuisance is temporary. *Robertson v. Cincinnati, New Orleans & Texas Pacific Ry. Co.*, 339 S.W.2d 6, 8 (Tenn. 1960). If, on the other hand, "the operation is done with due care considering the use thereof, and it is not contemplated that any change in operation will be made, the *damage is permanent* and the proper measure of damage is the injury to the fee." *Butcher v. Jefferson City Cabinet Co.*, 437 S.W.2d 256, 259 (Tenn. Ct. App. 1968) (emphasis in original).

Defendant claims the nuisance is temporary because the damage to the roadway can be fixed given the expenditure of labor or money. Defendant's brief argues Plaintiffs' expert engineer and Plaintiffs' expert appraiser both testified the damage to the slide could be repaired. Defendant then argues that since the slide could be repaired given the expenditure of labor or money, the nuisance is temporary rather than permanent. While it is true both experts testified the slide could be repaired, and Defendant cites to the correct standard regarding temporary nuisance, Defendant has not correctly identified the nuisance itself. The nuisance is the water flow that was diverted, not the destruction of the roadway. The destruction of the roadway constitutes the physical damage caused by the nuisance.

The evidence does not preponderate in favor of a finding that the nuisance of the water flow could be repaired given the expenditure of labor or money. In fact, the evidence regarding the water flow, i.e., Mr. Fowler's testimony regarding how the problem could have been avoided, merely addresses what could have been done differently during the construction of Defendant's rental cabins, not what could be done now to remedy the situation. Even if the roadway were rebuilt, the nuisance of the diverted water flow still exists. Plaintiffs presented evidence that the nuisance was permanent in nature. Defendant, however, offered no proof to the contrary showing that the nuisance, rather than its resulting damages, now can be abated by the devotion of a reasonable amount of labor and money to it. Neither the Trial Court nor this Court is at liberty to substitute its questionable construction knowledge as evidence that the nuisance could be abated by the expenditure of a reasonable amount of labor and money as opposed to the expenditure of an unlimited amount of labor and money.

The record is devoid of evidence showing Defendant was operating its property negligently by constructing rental cabins. Further, there is no evidence showing Defendant contemplates operating in another manner such that the water would no longer be diverted onto Plaintiffs' properties abating the nuisance. Rather, given the character of Defendant's business

operation, the evidence shows the diverted water flow is presumed to continue indefinitely. *See Caldwell*, 391 S.W.2d at 11. From the record before us, the nuisance has been "productive of all the damage which can ever result from it . . ." in that the road, as found by the Trial Court, has been destroyed. *Id.* Therefore, the nuisance is permanent.

The evidence does not preponderate against the Trial Court's finding that a permanent nuisance exists. Further, the Trial Court awarded damages for diminution in the value of Plaintiffs' properties, which is the correct measure of damages for a permanent nuisance. We, therefore, affirm the Trial Court's judgment holding a permanent nuisance exists and awarding damages to Plaintiffs for diminution in value.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Great American Resorts, Inc., and its surety.

_____
D. MICHAEL SWINEY, JUDGE

-5-