# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 9, 2008

## SUE LEGGETT v. PAUL ALLEN DORRIS, ET AL.

**Direct Appeal from the Chancery Court for Sumner County**
No. 2007C-58     Tom E. Gray, Chancellor

---

**No. M2008-00363-COA-R3-CV - Filed February 6, 2009**

---

This is an appeal from a nuisance case. The plaintiff landowner filed a complaint alleging a continuous nuisance caused by grading completed on adjacent property. The plaintiff alleged that the grading had altered the natural drainage pattern, causing damage to her house. The complaint sought damages and injunctive relief. The defendants sought summary judgment, raising the statute of limitations as a defense. The trial court agreed and granted defendants' motion. Finding that a genuine issue of material fact remains in dispute, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right: Judgment of the Chancery Court Reversed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Lawren Bryant Lassiter, Gallatin, TN, for Appellant, Sue Leggett

David Milton Amonette, Gallatin, TN, for Appellee, Paul Allen Dorris, Margaret K. Dorris, Mary Ann Dorris
John Ralph Bradley, Portland, TN, for Appellee, David R. Day, Ronnie Perdue d/b/a Perdue Trucking and Excavating

## OPINION

### Facts and Procedural Background

This is a nuisance case involving flooding on the plaintiff's property. The plaintiff, Sue Leggett ("Appellant"), has resided at the property in question in Portland, Tennessee since 1966. Paul Allen Dorris and his wife, Margaret Dorris (collectively, with Mary Ann Dorris, "Appellees"), own two adjoining lots nearby. Paul and Margaret Dorris reside in a house on the first lot. In 1995,

they began construction on a house on the second lot for their daughter, Mary Ann Dorris, and her husband David Day.[1]  The second lot is adjacent to Appellant's property.

During the construction process, Appellees hired Ronnie Perdue to perform grading and ground work on the property.  Mr. Perdue then graded a portion of Appellees' first lot onto the second lot.  As a result, the preexisting drainage pattern was altered.

In the Spring of 1997, Appellant noticed that the grading on Appellees' property had created an increased flow of water onto her own property.  By the Fall of 1998, she discovered that the water flow had caused, and was continuing to cause, damage to her house and garage.

Ms. Leggett filed her initial Complaint on February 5, 2001 in Sumner County Chancery Court.  Unfortunately, the initial Complaint is not included in the record and it is unclear what it alleged or who it named as Defendants.  Whatever its contents, Appellant took a voluntary non-suit, dismissing the action in March, 2006.  The present case derives from the Complaint Appellant filed on March 1, 2007, again in Sumner County Chancery Court.  This second Complaint named Paul Allen Dorris, Margaret Dorris, Mary Ann Dorris, David Day, and Ronnnie Perdue (d/b/a Perdue Trucking and Excavating) as Defendants.  Appellant alleged, in her Complaint, that the grading on Appellees' property created a "continuous nuisance" causing "significant and irreparable damage on a continuing basis."  In March 2008, however, Appellant took a second voluntary non-suit, dismissing her claims against Mr. Day and Mr. Perdue.

Appellees, as the only remaining Defendants, made a motion seeking summary judgment on the ground that the suit was barred by the statute of limitations.  The motion was supported by the joint affidavit of Paul and Margaret Dorris and a statement of undisputed facts.  The affidavit asserts, in part, that the grading and ground work was completed in July, 1996.  As an attachment to the affidavit, Appellees presented an occupancy permit for the house on the second lot obtained from the City of Portland on July 17, 1996.  Because the grading was completed in July 1996 and the initial Complaint not filed until February 2001, Appellees contended that the suit was barred by the three year statute of limitations set forth in Tenn. Code Ann. § 28-3-105.

The trial court, considering the pleadings, Appellees' affidavit, and Appellant's deposition, entered an order on February 8, 2008 granting summary judgment in favor of the Appellees.  The trial court found that "more than three (3) years elapsed from the date of the issuance of the Certificate of Occupancy and the observation by the Plaintiff of the altered flow of water (Spring 1997) and the date of the filing by the Plaintiff of her complaint."  The trial court concluded that Appellant's cause of action was barred, as a matter of law, by the three year statute of limitations.

Ms. Leggett appeals and raises several interrelated issues, which we restate slightly as follows:

---

[1]Ms. Dorris and Mr. Day divorced in 2002.

1.  Whether the trial court erred in determining the date on which the three year statute of limitations began to run.

2.  Whether the trial court erred by considering the statute of limitations without first determining the proper characterization–either permanent or temporary–of the nuisance.

## Standard of Review

Summary judgment should be awarded when the moving party can demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tenn R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The moving party cannot simply rely on "conclusory assertion[s] that the non-moving party has no evidence." *Byrd*, 847 S.W.2d at 215. Instead, the moving party "must either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense." *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *see also*, *Hannan v. Alltel Publ'g Co.*, __S.W.3d__, No. E2006-01353-SC-R11-CV, 2008 WL 4790535, at *6; *Blair v. W. Town Mall*, 130 S.W.3d 761, 768 (Tenn. 2004); *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000). If the moving party presents a properly supported summary judgment motion, the burden then shifts to the nonmoving party to show that a genuine issue of material fact exists. *Byrd*, 847 S.W.2d at 215. When asserting an affirmative defense at this stage, the defendant "shifts the burden of production by alleging undisputed facts that show the existence of the affirmative defense." *Hannan*, 2008 WL 4790535, at *6 n.6.

We review the trial court's grant of summary judgment de novo with no presumption of correctness. *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Staples*, 15 S.W.3d at 89. Summary judgment should be awarded only when a reasonable person could reach only one conclusion based on the facts and inferences drawn from those facts. *Id*.

## Law and Analysis

A nuisance is defined as "anything which annoys or disturbs the free use of one's property or which renders its ordinary use of physical occupation uncomfortable." *Pate v. City of Martin*, 614 S.W.2d 46, 47 (Tenn. 1981). An actionable nuisance can arise from "a wrongful interference with the natural drainage of surface water causing injury to an adjoining landowner...." *Dixon v. City of Nashville*, 203 S.W.2d 178, 182 (Tenn. Ct. App. 1947); *see also*, *Butts v. City of South Fulton*, 565 S.W.2d 879, 881 (Tenn. Ct. App. 1977). In Tennessee, a nuisance is characterized as either temporary or permanent. *Clabo v. Great American Resorts, Inc.*, 121 S.W.3d 668, 671 (Tenn. Ct. App. 2003). The distinction is critical because the two categories require different measures of damages and different standards for determining when the statute of limitations begins to run.

A temporary nuisance is "one that can be corrected by the expenditure of labor and money." *Pryor v. Willoughby*, 36 S.W.3d 829, 831 (Tenn. Ct. App. 2000) (citing *Caldwell v. Knox Concrete*

***Prods., Inc.***, 391 S.W.2d 5, 11 (Tenn. Ct. App. 1964)).  A permanent nuisance, on the other hand, is one that is "presumed to continue indefinitely, and is at once productive of all the damage which can ever result from it...." ***Caldwell***, 391 S.W.2d at 11.  The issue of whether a nuisance is temporary or permanent is a question of fact.  ***Id***.

This Court, however, has recognized that these definitions are not entirely satisfactory. ***Clabo***, 121 S.W.3d at 671.  After all, with enough money and labor, nearly anything is possible. Likewise, "a permanent improvement to property may, in conjunction with the forces of nature, cause harm only periodically." ***Id***. (quoting ***Kearney v. Barrett***, No. 01-A-01-9407-CH00356, 1995 WL 1690, at *2 (Tenn. Ct. App. Jan. 4, 1995)).  Accordingly, in ***Clabo***, this Court looked to older Tennessee cases to find more precise definitions.  ***Clabo***, 121 S.W.3d at 671.  A nuisance is temporary if "the damages resulting from the nuisance are due to the fact that the defendant is 'negligently operating its property so as to unnecessarily create the damage' and it is within the defendant's power to operate in a non-negligent manner." ***Id***. (quoting ***Robertson v. Cincinatti, New Orleans & Texas Pacific Ry. Co.***, 339 S.W.2d 6, 8 (Tenn. 1960)).  On the other hand, a nuisance is permanent if "the operation is done with due care considering the use thereof, and it is not contemplated that any change in operation will be made...." ***Clabo***, 121 S.W.3d at 672 (quoting ***Butcher v. Jefferson City Cabinet Co.***, 437 S.W.2d 256, 259 (Tenn. Ct. App. 1968)).

A proper classification of the nuisance, either temporary or permanent, must be made in order to analyze a statute of limitations defense.  A nuisance claim, because it is an action for an injury to personal or real property, is governed by a three year statute of limitations.  Tenn. Code Ann. § 28-3-105.  When the nuisance is temporary, however, "the very continuation of the nuisance is a new offense entitling complainants' to recover damages accruing within the statutory period next preceding, although more than the statutory period has elapsed since the creation of the nuisance." ***Kind v. Johnson City***, 478 S.W.2d 63, 66 (Tenn. Ct. App. 1970) (citing ***Caldwell***, 319 S.W.2d at 11)); *see also*, ***Anderson v. Am. Limestone Co.***, 168 S.W.3d 757, 761 (Tenn. Ct. App. 2004).  When the nuisance is permanent, "the statute of limitations commences to run from the time of the creation of the nuisance." ***Anderson***, 168 S.W.3d at 761 (citing ***Robertson***, 339 S.W.2d at 9).

In the present case, the Appellees raised the statute of limitations as an affirmative defense and sought summary judgment on that basis.  For this defense to succeed, the alleged nuisance must be characterized as a permanent nuisance.  The trial court, however, did not make a finding that the grading on Appellees' property is a permanent nuisance.  Instead, the trial court assumed, without deciding, that the nuisance was permanent rather than temporary.  Accordingly, we will examine the record to determine if the Appellees presented sufficient evidence to warrant summary judgment.

The characterization of a nuisance is a question of fact.  In this case, the fact is material because it "must be decided in order to resolve the substantive claim or defense at which the motion [for summary judgment] is directed." ***Byrd***, 847 S.W.2d at 211.  Therefore, the Appellees would need to conclusively establish that the alleged nuisance is permanent.  In their affidavit and statement of undisputed facts, however, the Appellees did not present any evidence on this issue.  Instead, the Appellees only presented evidence to establish a time line of construction.  This time line establishes the statute of limitations defense only if the nuisance is permanent.

Appellees contend that Appellant, until this appeal, had only alleged that the grading was a permanent nuisance. Appellees correctly point out that Appellant is limited to the allegations in her Complaint and cannot raise a new ground of recovery in order to defeat an otherwise valid motion for summary judgment. *See* **Kearney**, 1995 WL 1690, at *2. Appellees point to the Complaint, which characterized the grading as a "continuous nuisance." The phrase "continuous nuisance," however, has consistently, if confusingly, been used by Tennessee courts to describe temporary nuisances. *See, e.g.*, **Anderson**, 168 S.W.3d at 761 (discussing the distinction between a "temporary and continuous" nuisance and a "permanent" nuisance); **Kind**, 478 S.W.2d at 66 (referring to a similar drainage nuisance as "temporary and continuous in character); **Robertson**, 339 S.W.2d at 7 (referring to a "temporary" nuisance as "continuous and perpetual"). While we agree that the Complaint's use of "continuous" as a modifier is imprecise, we cannot agree that Appellant limited her cause of action to recovery for a permanent nuisance.

We conclude that a genuine issue of material fact remains in dispute. Therefore, the trial court erred when granting Appellees' motion for summary judgment. In so deciding, we do not address the merits of Appellant's claim. Specifically, we do not express an opinion as to the proper characterization of the alleged nuisance. This factual question remains undecided. Once it is resolved, however, the trial court can consider the applicability of the three year statute of limitations. Because our ruling is limited to this issue, Appellant's remaining issues are pretermitted.

## Conclusion

The judgment of the trial court is reversed. We remand this case to the Chancery Court of Sumner County for any further proceedings. The costs on appeal are taxed to the Appellees for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, J.