IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 22, 2018 Session

**BRENT RAY, ET AL. v. THOMAS NEFF, ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 15C-1279          Joseph P. Binkley, Jr., Judge**

————————————————————

**No. M2016-02217-COA-R3-CV**

————————————————————

Plaintiffs/Appellants sued Defendants/Appellees for nuisance and trespass claims over a dispute in the change of water flow onto Appellants' property due to modifications, namely the installation of a pipe, on Appellees' property.  Appellants voluntarily non-suited the case twice, and ultimately filed the instant complaint almost five years after the filing of their original complaint.  Appellees moved for summary judgment on both claims.  In a three-part ruling spanning thirteen months, the trial court granted summary judgment and determined (1) that the pipe was a permanent nuisance and, therefore, any nuisance claim was time-barred; (2) that the trespass was a permanent trespass and, again, time-barred; and (3) that Appellants could not establish causation as to the trespass claim.  We affirm the decision of the trial court granting summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P. J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

G. Klein Preston, Nashville, Tennessee, for the appellants, Brent Ray and Christine Ray.

Paul M. Buchanan, Nashville, Tennessee, for the appellees, Thomas Neff and Lisa Neff.

**OPINION**

FACTS

Plaintiffs/Appellants Brent Ray and Christine Ray (together with Mr. Ray, "Appellants") and Defendants/Appellees Thomas Neff and Lisa Neff (together with Mr.

Neff, "Appellees") own adjacent homes in Nashville, Tennessee. Appellees' home is located upstream from Appellants' home. Appellees originally placed a corrugated metal pipe on their property in 2008. In 2010, following massive flooding in the Nashville area, Appellees adjusted the pipe and performed other work on their property. According to Appellants, the changes to the pipe in 2010 modified the course of a creek. Again, according to Appellants, the creek previously flowed in a winding path onto the Appellants' property; following the adjustment of the pipe, Appellants alleged that the water flowed directly towards Appellants' home, resulting in damage to their property. The issue came to a head on September 2, 2010, when Appellants wrote a letter to Appellees demanding that they remedy the problems associated with the pipe. There is no dispute that Appellees failed to acquiesce to Appellants' demand.

Appellants filed their original complaint against Appellees on October 28, 2010, but later voluntarily dismissed the action on June 27, 2013. On June 28, 2013, Appellants refiled their complaint. In addition to suing Appellees, Appellants also sued D&D Paving, the company responsible for performing the majority of the work on the Appellees' property, including grading, adding dirt and gravel, and installing concrete headwalls and side walls. At some point, however, Appellants reached a settlement with D&D Paving. Based on the settlement agreement, the trial court entered an order in February 2015 excluding from consideration any and all claims resulting directly or indirectly from any work D&D Paving performed on Appellees' property. Appellants again nonsuited their complaint on February 26, 2015.

Appellants filed the instant complaint on April 2, 2015, alleging multiple claims: (1) negligence, negligence per se, and gross negligence; (2) temporary and permanent nuisance; and (3) trespass.[1] On December 9, 2015, Appellees filed a motion for summary judgment asserting that Appellants' claims were time-barred and that certain claims pertaining to D&D Paving should be dismissed according to the trial court's prior ruling. On February 6, 2016, the trial court entered a case management order that specifically stated that Appellants "acknowledge that they had fully disclosed all experts anticipated to testify[.]"

---

[1] In filing the instant complaint, Appellants relied on Tennessee Rule of Civil Procedure 41.01 regarding voluntary dismissals and Tennessee Code Annotated section 28-1-105, the one year savings statute, to save their cause of action. *See* Tenn. R. Civ. P. 41.01; Tenn. Code Ann. § 28-1-105. Appellants, however abandon this argument on appeal, arguing only that both their nuisance and trespass claims were not time-barred because they should be considered temporary and continuous, respectively. *See* **Russell v. Howard**, No. M2005-02956-COA-R3-CV, 2007 WL 432987, at *7 (explaining that "[w]hen a nuisance is temporary and continuous, the continuation is a new offense entitling a plaintiff to recover damages occurring within the limitations period; even though the nuisance has existed longer than the limitations period."); **Hoery v. United States**, 64 P.3d 214, 218 (Colo. 2003) *(en banc)* ("For continuing intrusions-either by way of trespass or nuisance-each repetition or continuance amounts to another wrong, giving rise to a new cause of action. The practical significance of the continuing tort is that for statute of limitation purposes, the claim does not begin to accrue until the tortious conduct has ceased.") (internal citations omitted).

On April 6, 2016, the trial court partially granted Appellees' motion for summary judgment. The trial court found that Appellants' claims of negligence, negligence per se, and gross negligence, were all time barred due to the expiration of the statute of limitations and the savings statute being inapplicable to the current complaint. The trial court also found that because the water flow issues constituted a permanent nuisance, the statute of limitations regarding Appellants' nuisance claims had also expired. The court, however, found that Appellants' claim for trespass survived summary judgment and denied Appellees' request as to this ground, but limited Appellants' alleged claims to only instances that occurred after April 2, 2012. Lastly, the court dismissed any and all claims that resulted directly or indirectly from the work performed by D&D Paving. Thus, any trespass claims that resulted directly or indirectly from the work of D&D Paving were dismissed, notwithstanding any question regarding the expiration of the statute of limitations.

On March 3, 2016, Appellees filed the report of their expert Don Williams. Generally, the report concluded that "[t]he installation of the corrugated metal pipe . . . does not cause flooding to occur when the flow rates exceed the capacity of the conveyance." Additionally, the report noted that "the insufficient capacity of the downstream channel existed prior to the installation of the corrugated metal pipe."

On July 1, 2016, the parties separately filed multiple motions in limine. Most notably, Appellees sought to exclude the opinion of Appellants' expert, James V. Armstrong.[2] Appellees attached to their motion the report prepared by Mr. Armstrong, which report was dated October 18, 2011.[3] The motions in limine were set to be argued on July 15, 2016, with trial to occur on July 18, 2016.

On July 12, 2016, however, Appellees filed a pre-trial brief in support of a directed verdict, raising issues again related to the expiration of the statute of limitations and the doctrine of water trespass. As a result, on July 20, 2016, the trial court entered an order that (1) postponed the trial date; (2) ordered Appellees to convert the pending directed verdict motion into a motion for summary judgment; and (3) gave Appellants an opportunity to respond to Appellees' pending motion. On July 21, 2016, Appellees filed a motion for summary judgment and statement of undisputed facts, arguing that (1) Appellants' claim for trespass was time-barred pursuant to Tennessee Code Annotated section 28-3-105; (2) Appellants' action fails based upon the common law doctrine of water trespass; (3) Appellants cannot meet their burden of proving damages; (4) there is no evidence to suggest that Appellees had altered the natural course of water; and (5)

---

[2] Appellees also sought to exclude the expert opinion of Ann Chalos, a real estate appraiser, who testified regarding the diminution in the value of Appellants' property. Appellees moved for exclusion on the basis that her opinion failed to delineate between loss of value caused by the pipe and loss caused by D&D Paving's work. Neither party in any way relies on Ms. Chalos's expert opinion in this appeal, as it does not appear to relate to causation.

[3] This is the first time Mr. Armstrong's report was filed in this particular action.

Appellants could not establish that Appellees' pipe is the legal cause of any claimed trespass. Appellants responded in opposition to both the motion and statement of undisputed material facts on August 26, 2016. Appellants additionally filed the Declaration of Mr. Ray, which is Mr. Ray's account of the damages suffered to Appellants' property as a result of Appellees' metal pipe installation.

Following a hearing, the trial court entered an order on September 16, 2016, that again partially granted Appellees' motion for summary judgment. The trial court found that Appellants' cause of action was for a permanent trespass, and thus, the statute of limitations had expired, thereby dismissing Appellants' trespass claim. The trial court noted, however, that Appellees requested at the hearing that the trial court specifically rule on all the grounds raised in the July 2016 motion for summary judgment. In order to meet this request, the trial court ordered Appellees to prepare an amended statement of undisputed material facts to which the Appellants were ordered to reply. Each party thereafter filed additional documents with the trial court.

On October 14, 2016, Appellants filed their initial notice of appeal. Eventually, the trial court heard arguments for the remaining issues raised in Appellees' motion for summary judgment. The trial court issued its final order granting in part and denying in part Appellees' motion for summary judgment on all issues on May 30, 2017. In its May 30 order, the trial court could not find, as a matter of law, that Appellants were unable to establish that a trespass occurred or that damages resulted from that trespass and denied counts two, three, and four of Appellees' motion.[4] The trial court, however, found that Appellants could not establish that the pipe was the cause of the trespass. Specifically, the trial court noted that the expert's report, created prior to October 11, 2011, did not include any opinions regarding the cause of the alleged flooding that occurred after April 12, 2012, the only time period for which the statute of limitations had not expired on Appellants' trespass claim. Further, the trial court found that Mr. Ray could only testify "that the quantity of water in their conveyance changed," however, expert proof was necessary to establish an action of trespass specifically caused by the pipe; in the absence of competent proof to that effect, the trial court ruled that Appellants could not maintain their action for a continuous trespass. Appellants timely filed their amended notice of appeal on May 30, 2017.

ISSUES

Appellants present four issues for review; however, we have condensed Appellants' four issues into two, which we find to be determinative.

---

[4] Appellees do not designate the trial court's denial of counts two, three, and four as issues on appeal. Although Appellees assert that the trial court should have granted summary judgment as to the damages claim in the body of their brief, it is not necessary for this Court to address either whether that argument was properly raised in this appeal or the substantive merits of that argument, given our resolution of the causation issue, *infra*.

(1). Whether the trial court erred in dismissing Appellants' nuisance claim.

(2). Whether the trial court erred in dismissing Appellants' trespass claim.

STANDARD OF REVIEW

According to Rule 56 of the Tennessee Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. The Tennessee Supreme Court has explained:

> when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015) (italics omitted). When reviewing the trial court's determination, "we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor." *Sons of Confederate Veterans Nathan Bedford Forrest Camp #215 v. City of Memphis*, No. W2017-00665-COA-R3-CV, 2017 WL 4842336, at *3 (Tenn. Ct. App. Oct. 24, 2017) (citing *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). Thus, "[i]f the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law." *Id.*; *see White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

We review a trial court's ruling on a summary judgment motion de novo, with no presumption of correctness in order to "make a fresh determination of whether the requirements of Rule 56 . . . have been satisfied." *Rye*, 477 S.W.3d at 250 (quoting *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citations omitted)). Upon review, this Court considers "the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *McCullough v. Vaughn*, 538 S.W.3d 501, 505 (Tenn. Ct. App. 2017) (citing *Godfrey v. Ruiz*, 90 S.W.692, 695 (Tenn. 2002)).

ANALYSIS

I.

We begin with Appellants' claim for nuisance. In this case, the trial court ultimately granted Appellees' motion for summary judgment due to the expiration of the statute of limitations. The trial court's decision was predicated on its determination that the nuisance at issue was permanent, rather than temporary or continuing. "The distinction is critical because the two categories require . . . different standards for determining when the statute of limitations begins to run." **Leggett v. Dorris**, No. M2008-00363-COA-R3-CV, 2009 WL 302290, at *2 (Tenn. Ct. App. Feb. 6, 2009). If the nuisance is permanent, the three-year statute of limitations "'commences to run from the time of the creation of the nuisance.'" **Russell v. Howard**, No. M2005-02956-COA-R3-CV, 2007 WL 432987, at *7 (Tenn. Ct. App. Feb. 8, 2007) (quoting **Anderson v. Am. Limestone Co.**, 168 S.W.3d 757, 761 (Tenn. Ct. App. 2004)). "'When a nuisance is temporary and continuous, [however,] the continuation is a new offense entitling a plaintiff to recover damages occurring within the limitations period, even though the nuisance has existed longer than the limitations period.'" **Id.** (quoting **Anderson**, 168 S.W.3d at 761). As such, in order to determine whether the statute of limitations has expired, we must first determine whether the metal pipe at issue is a permanent or temporary nuisance. Here, there is no dispute that only claims involving a temporary nuisance were properly commenced within the applicable statute of limitations. Thus, if the nuisance at issue is permanent, the trial court properly granted summary judgment on this claim.

A nuisance is defined as "'anything which annoys or disturbs the free use of one's property, or which renders its ordinary use or physical occupation uncomfortable.'" **Clabo v. Great American Resorts, Inc.**, 121 S.W.3d 668, 671 (Tenn. Ct. App. 2003) (quoting **Pate v. City of Martin**, 614 S.W.2d 46, 47 (Tenn. 1981)). "A nuisance is either permanent or temporary." **Id.** The question of whether a nuisance is temporary or permanent is a question of fact. **Manis v. Gibson**, No. E2005-00007-COA-R3-CV, 2006 WL 521466, at *7 (Tenn. Ct. App. Mar. 3, 2006) (citing **Caldwell v. Knox Concrete Prods., Inc.**, 391 S.W.2d 5, 11 (Tenn. Ct. App. 1964)).

Tennessee courts have defined a temporary nuisance as one that can be "'corrected by the expenditure of labor or money.'" **Id.** (quoting **Pate**, 641 S.W.2d at 48). A permanent nuisance, on the other hand, "is one that is 'presumed to continue indefinitely, and is at once productive of all the damage which can ever result from it[.]'" **Id.** (quoting **Caldwell**, 391 S.W.2d at 11). This Court is aware, however, that "neither definition of nuisance is entirely satisfactory because 'nearly every nuisance could be abated by the devotion of enough time and money to it; and a permanent improvement to property may, in conjunction with the forces of nature, cause harm only periodically.'" **Id.** (quoting **Kearney v. Barrett**, No. 01-A-01-9407-CH-00356, 1995 WL 1690, at *2 (Tenn. Ct. App. Jan. 4, 1995), perm. app. denied (April 24, 1995)); see also 66 C.J.S. Nuisances § 6 ("Some courts have held that a test to determine whether a nuisance is

permanent is whether it may be abated at a reasonable expense, and that where a nuisance is not abatable, except at considerable expense and inconvenience which the owner did not intend to entail, it is of permanent character. Other courts have refused to regard the expense of abatement as a test.") (footnotes omitted). Thus, this Court has looked to "older Tennessee cases to find more precise definitions." *Leggett v. Dorris*, 2009 WL 302290, at *3 (citing *Clabo*, 121 S.W.3d at 671). The *Clabo* court, therefore, determined that "'whether the harm resulted from reasonable and lawful operations on the defendant's property . . . (as opposed to negligent) and still interfered with the use and enjoyment of the plaintiff's property'" was a central inquiry in analyzing whether a nuisance was temporary or permanent. *Clabo*, 121 S.W.3d at 671 (citing *Kearney*, 1995 WL 1690, at *2). Thus, "[i]f the damages resulting from the nuisance are due to the fact that the defendant is 'negligently operating its property so as to unnecessarily create the damage' and it is within the defendant's power to operate in a non-negligent manner, then the nuisance is temporary." *Id.* (quoting *Robertson v. Cincinnati, New Orleans & Texas Pacific Ry. Co.,* 339 S.W.2d 6, 8 (Tenn. 1960)). If, however, "'the operation is done with due care considering the use thereof, and it is not contemplated that any change in operation will be made*, the damage is permanent*[.]'" *Id.* (quoting *Butcher v. Jefferson City Cabinet Co.,* 437 S.W.2d 256, 259 (Tenn. 1968)).

As previously noted, whether a nuisance is permanent or temporary is a question of fact that is generally properly determined by the jury. *See Anderson v. American Limestone Co., Inc.*, 168 S.W.3d 757, 761 (Tenn. Ct. App. 2004) ("[T]he nuisance, if found to exist, was permanent or temporary . . . was a question of fact for the jury."). Even on issues of fact, however, the trial court may still grant summary judgment if "the undisputed facts support only one conclusion." *Sons of Confederate Veterans Nathan Bedford Forrest Camp #215*, 2017 WL 4842336, at *3. Turning to the case at bar, the trial court ultimately granted Appellees' motion for summary judgment, finding that "it is undisputed that the nuisance is permanent because the alleged harm resulted from a permanent improvement to the [Appellees'] property, which permanent improvement was a reasonable and lawful operation on the [Appellees'] property." We agree.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." Tenn. R. Civ. P. 56.04. A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). To aid our analysis, we first turn to the Appellees' statement of undisputed material facts and Appellants' response. *See* Tenn. R. Civ. P. 56.03 ("In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial.").

As an initial matter, it appears that Appellants objected to nearly every material fact alleged to be undisputed by Appellees. We note, however, that the majority of the objections relate to procedural issues, such as failing to properly cite to the record. *See* Tenn. R. Civ. P. 56.03 ("Each fact shall be supported by a specific citation to the record."). Although Appellees' statement of undisputed material facts could have included more specific citations in many places, each fact was supported by reference to materials in the record, specifically, a number of exhibits attached to the statement. Thus, we conclude that the objections that raised only procedural insufficiencies were improper; we will therefore consider these facts as undisputed for purposes of this appeal.

In general, Appellees' statement of undisputed facts concerns the construction and placement of the pipe in 2008 and 2010. For example, it is undisputed for purposes of this appeal that Appellants' complaints regarding the pipe began in 2010, when the pipe was either placed or repositioned, and that the pipe has been completely unchanged since that time. In addition, it is undisputed that Appellants have filed a total of three lawsuits with regard to the placement of the pipe at issue. Previously, however, this Court has held that a similar statement of undisputed material facts was insufficient to answer the question of what type of nuisance was at issue. *See* **Leggett**, 2009 WL 302290, at *4 ("Appellees only presented evidence to establish a time line of construction. This time line establishes the statute of limitations defense only if the nuisance is permanent."). Still, one alleged undisputed material fact alleged by Appellees does contend that: "The suit at issue complains that [Appellees] were negligent 'by constructing a drainage system by using a corrugated metal pipe directly at [Appellants'] home.'" Whether the pipe was placed negligently is a consideration in the determination of a permanent or temporary nuisance. *See* **Clabo**, 121 S.W.3d at 671 (considering whether the nuisance was operated with "due care"). This fact, however, is simply taken from the allegations in Appellants' complaint. Moreover, Appellants objected to this fact on the basis that "[t]his statement does not identify the 'suit at issue' or allege a claim for negligence." Thus, any concern that the nuisance was operated with negligence does not appear to be an undisputed fact upon which summary judgment can be based.

Our review, however, is not confined only to the statement of undisputed material facts attached to Appellees' motion. *See* **Estate of Jenkins**, No. M2003-01561-COA-R3-CV, 2004 WL 2607531, at *7 (Tenn. Ct. App. Nov. 16, 2004). Rather, these statements merely serve as "road maps and trial courts should not be required to proceed further if they are not provided." *Id.* "However, a decision to grant a summary judgment must ultimately be based on the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.'" *Id.* (quoting Tenn. R. Civ. P. 56.03) (internal citations omitted) (internal quotations omitted). "Thus, while the Tenn. R. Civ. P. 56.03 concise statement points the court to portions of the record that are particularly relevant to the summary judgment motion, it does not replace the evidentiary materials on which it is based." *Id.* Accordingly, we may review not only the Appellees' statement of undisputed material facts, but also other evidence on file in support of the

motion for summary judgment. *See* Tenn. R. Civ. P. 56.04. In addition, at all times, judges are not prevented from relying on their own common sense in reaching decisions. *See* ***Eberting v. Eberting***, No. E2010-02471-COA-R3-CV, 2012 WL 605512, at \*20 (Tenn. Ct. App. Feb. 27, 2012) ("A trial judge . . . is not required to check his or her common sense at the door when considering evidence.").

In support of the motion for summary judgment, Appellees included the affidavit of Mr. Neff. According to Mr. Neff's affidavit,

1. The pipe and water conveyance, which was fully approved by Metro Water & Sewer, was beneath our yard and driveway. After the Nashville Flood, it was graded, covered over and paved by D&D Paving.

\*  \*  \*

3. The pipe, as shown on the photographs attached to the Affidavit of Mr. Deal of D&D Paving, shows that there was substantial erosion after the 2010 Nashville Flood and that the pipe facing the Rays' home was significantly exposed.
4. D&D Paving added dirt and rock and modified our yard with substantial back-fill which covered the pipe between the driveway and the discharge into the creek bed along the property line between the Rays' home and ours.

In addition, Mr. Neff's affidavit states that the work done by D&D to recover the pipe due to erosion caused by flooding was "substantial."

Having reviewed these facts along with the other evidence submitted in support of the motion for summary judgment, we agree with the trial court that these facts tend to disprove Appellants' contention that the nuisance at issue is temporary, rather than permanent. *See* ***Davis v. McGuigan***, 325 S.W.3d 149, 156 (Tenn. 2010) (holding that the summary judgment burden shifted when the defendant presented evidence that "tends to disprove" an essential element of the plaintiff's cause of action); ***Mills v. CSX Transp., Inc.***, 300 S.W.3d 627, 631 (Tenn. 2009) ("To affirmatively negate an essential element of the nonmoving party's claim, [the defendant] must point to evidence that *tends* to disprove a material factual allegation made by the nonmoving party.") (emphasis added).[5] Here, Mr. Neff's affidavit tends to show that the placement of the pipe and its alteration were both lawful, having been approved by the local governing body, and reasonable,

---

[5] We recognize that both Davis and Mills were decided prior to this Court's decision in ***Rye v. Women's Care Center of Memphis***, which substantially altered the summary judgment practice in Tennessee. *See generally* ***Rye v. Women's Care Center of Memphis, MPLLC***, 477 S.W.3d 235, 264 (Tenn. 2015). The holding in ***Rye***, however, does not appear to alter this portion of the holdings in ***Davis*** or ***Mills***.

having been necessitated by massive flooding. *See* **Clabo,** 121 S.W.3d at 671 (citing **Kearney**, 1995 WL 1690, at \*2) (considering whether the alleged nuisance involved "reasonable and lawful operations on the defendant's property"). In addition, Mr. Neff's affidavit indicates that while the pipe could be altered by the expense of time and money, such expense could be considerable, as the work done on the project was "substantial." *See* **Clabo,** 121 S.W.3d at 671 (noting that the fact that the nuisance can be abated is not determinative because most nuisances can be abated "by the devotion of enough time and money to it"). Finally, based on the statement of undisputed material facts, we know that despite multiple lawsuits and disputes, the pipe has not been altered since 2010, approximately five years prior to the filing of statement of undisputed material facts. This fact tends to show that "no change in operation" is contemplated by Appellees. *Id.* Under these circumstances, we conclude that Appellees have shifted the burden of production to Appellants to show a dispute of material fact regarding whether the nuisance at issue was temporary or permanent.

To meet their burden, Appellants were therefore required to "'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" **Rye**, 477 S.W.3d at 265 (quoting Tenn. R. Civ. P. 56.06). In meeting this burden, Appellants "'may not rest upon the mere allegations or denials of [their] pleading[.]'" *Id.* (quoting Tenn. R. Civ. P. 56.06). After reviewing Appellants' response to the motion for summary judgment, we must conclude that Appellants simply offered no evidence whatsoever to meet their burden. As previously discussed, rather than respond to the facts alleged in Appellees' statement of undisputed material facts, Appellants generally improperly objected to the statement based on procedural issues.

In responding to Appellees' motion for summary judgment, Appellants did allege that summary judgment was inappropriate because "the harm to [Appellants] resulted from unreasonable and unlawful operations on [Appellees] property." Again, if true, this fact would tend to disprove Appellees' claim that the nuisance is permanent in nature, and therefore barred by the statute of limitations. *See* **Clabo**, 121 S.W.3d at 671. Moreover, Appellants alleged in their amended complaint that Appellees were cited by Metro Water Services in a May 2010 notice of violation concerning the construction and/or operation of the pipe. The law is clear, however, that Appellants simply cannot rest on their pleadings to survive summary judgment, but must present specific evidence to show a dispute of material fact. *See* **Rye**, 477 S.W.3d at 265 (quoting Tenn. R. Civ. P. 56.06).[6] Appellants themselves filed no counter-statement of undisputed material facts in opposition to this motion for summary judgment. Likewise, Appellants filed no affidavits or other evidence in response to the motion for summary to support their claim that the operation of the pipe was unreasonable and unlawful. In the absence of any *evidence* that the 2010 construction violated applicable laws, we cannot conclude that a dispute of

---

[6] Under Rule 56.03, any "admissions" in the record may also be considered for purposes of summary judgment. Appellees, however, denied this allegation.

- 10 -

material fact has been created by this allegation.[7] Given that Appellants did not set forth any specific facts that tend to show that the nuisance is temporary, rather than permanent, we must conclude that the trial court did not err in granting summary judgment on this issue.

## II.

Next, we will consider the issue of whether the trial court properly dismissed Appellants' trespass claim. Here, the trial court appears to have made alternative rulings with regard to this claim. First, the trial court ruled that the trespass at issue was a permanent trespass and time-barred. *See* Tenn. Code Ann. § 28-3-105 (three year statute of limitation for injuries to real property). Appellants do not dispute that any trespass claim must constitute a temporary or continuing trespass to survive summary judgment on the statute of limitations. As explained by a secondary source on this issue,

> Ordinarily, only one recovery may be had for damages resulting from a permanent and unabatable . . . trespass, but where a . . . trespass is abatable and is temporary or recurring in nature, or is what is called a continuing . . . trespass, each occurrence, recurrence, or continuance gives rise to a new cause of action and successive actions may be maintained for the damages accruing from time to time. Under the continuing tort doctrine, where a tort involves a continuing or repeated injury, the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease.

14 A.L.R.7th Art. 8 (2016). Appellants argue that their claim involves a continuing trespass and that they may therefore raise instances of flooding and damage that occurred after April 2, 2012, or within three years of the filing of the instant complaint. *See* Tenn. Code Ann. § 28-3-105.

In the alternative, the trial court ruled that any claim for continuous trespass that could arguably survive summary judgment on the expiration of the statute of limitations

---

[7] We are cognizant that the record on appeal contains an expert report, discussed *infra*, that could arguably constitute evidence that the construction of the pipe was indeed negligent. Although the report was created in 2010 and known to the parties, it was not filed in response to the motion for summary judgment or in any way mentioned by Appellants in opposing summary judgment on this issue. In fact, the report was not filed in any fashion in this case until after the trial court entered its order granting summary judgment on the nuisance action. Appellants filed no motion to alter the trial court's ruling due to additional evidence. *See generally* Tenn. R. Civ. P. 54.02 ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties."). Even assuming, *arguendo*, that this report provides evidence of negligence, we simply will not overturn the trial court's ruling where it did not have the benefit of this evidence at the time it ruled and no party sought revision of the ruling following the appropriate procedure.

- 11 -

was nevertheless deficient because Appellants could not prove causation to support their claim. Neither party disputes that causation is an essential element of any trespass claim raised by Appellants, be it permanent or continuing. *See* 87 C.J.S. *Trespass* § 2 (citing **Stroud v. Hall Cty.**, 339 Ga. App. 37, 40, 793 S.E.2d 104, 108 (Ga. 2016) (noting that causation is an element of a trespass claim of this type). Rather, Appellants contend that they have supplied sufficient evidence of causation, at the summary judgment stage, to survive Appellees' motion. Because we agree with the trial court that Appellants' failure to produce sufficient evidence of causation at the summary judgment stage is fatal to *any* claim for trespass, we need not determine whether the trespass at issue is permanent or continuing. As such, even assuming that Appellants' may raise claims of continuing trespass limited to only the flooding instances that occurred after April 2, 2012, we conclude that Appellants' claims fail due to lack of causation evidence.

Here, Appellees argued in the memorandum accompanying their July 21, 2016 motion for summary judgment that Appellants could not establish that the pipe at issue was the legal cause of any claims of trespass. In support, Appellees noted that: (1) Appellants' only causation expert had been excluded following a motion in limine; (2) the time for expert proof had closed and Appellants had affirmatively stated that no further expert proof was forthcoming; and (3) Appellants, as lay people, could not testify as to water damage causation issues.[8] Generally, a non-moving party seeking summary judgment may shift the burden by showing that the plaintiff "lacks proof of an essential element of [the] claim[.]" **Rye v. Women's Care Ctr. of Memphis, MPLLC**, 477 S.W.3d 235, 264, 269 (Tenn. 2015) ("[T]he moving party may satisfy its burden of production . . . by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense."). As such, the burden of production shifted to Appellants to show that they could establish causation in this case.

Again, to meet this burden, Appellants must "'set forth specific facts'" rather than merely rely on the allegations of their pleadings. **Rye**, 477 S.W.3d at 265 (quoting Tenn. R. Civ. P. 56.06). Here, Appellants did file their own counter-statement of undisputed material facts in opposition to this motion for judgment; the statement relied solely on Mr. Ray's declaration. The trial court, however, found that neither Appellants' previously filed expert report, nor the testimony of Mr. Ray was sufficient to create a dispute of material fact for purposes of avoiding summary judgment. From our review, we agree.

We begin with the expert report cited in Appellees' statement of undisputed material facts in support of summary judgment. In its May 2, 2017 order, the trial court found that Appellants' expert report, which was submitted on October 11, 2011, was "stale and the relevant time period [was] not discussed in [the expert's] disclosure." The

---

[8] Additionally, we note that elsewhere in the record is the report from Appellees' expert, who opined that the flooding issues were not caused by the placement of the corrugated metal pipe, but resulted from other causes.

trial court additionally noted that Appellants' expert could not have reviewed the Appellants' evidence as to the flooding, i.e. the photographs, showing the two instances of the alleged trespass. From our review of Appellants' brief, they generally do not challenge the trial court's ruling excluding consideration of the expert report. We agree that the report was not sufficient to create a dispute of material fact as to causation. Appellants' expert report was submitted to the court on October 11, 2011; the report therefore necessarily examined instances of flooding that occurred prior to October 2011. It is undisputed that Appellants' claim is limited to occurrences after April 2, 2012. Thus, as the trial court pointed out, the expert's opinions regarding what effect the pipe had, if any, on the flooding of the Appellants' property is simply inapplicable because the opinions offered do not relate to the proper time period. As such, the trial court did not err in refusing to consider this evidence.

Turning to Mr. Ray's declaration, we likewise conclude that the trial court properly declined to rely on this evidence. Here, in response to Appellees' motion for summary judgment, Appellants filed the declaration of Mr. Ray. Pursuant to the declaration, Mr. Ray stated, in relevant part,

> That when we purchased the property there was a winding dry creek that curved onto our property to the south and rainfall would pass along the dry creek and the stones and rocks which lay among the grass in the dry creek and then pass onto our property and the dry creek that winds behind our property.
>
> That [Appellees] changed the dry creek into a straight industrial metal pipe which is directed straight at our home within 17 feet. By placing a straight industrial metal pipe that is directed at our home they materially altered the course, direction, nature, and velocity of the waterflow from their once winding creek bed to a much different means by which to pass water onto our property.
>
> That since [Appellees] altered the physical nature, direction and structure of the dry creek bed into an industrial metal pipe which channels the water in a much more direct and accelerated manner toward our home.
>
> That since [Appellees] altered the creek into an industrial metal pipe directed at our home the water from rain flows much differently. The water from rain now flows in much greater volume and with much greater force and velocity than before.
>
> That the force and velocity is much greater and highly noticeable when it rains as little as 0.5 inches a day.

That the altered waterflow from the industrial pipe is highly objectionable and it has negatively impacted the use and enjoyment of our home and it has resulted in diminution of the value of our home. Our property has been devalued as a direct and proximate result of the continuous trespass by water caused by [Appellees].

Appellees assert, however, that Mr. Ray was not competent to testify as to the legal cause of the trespass in this case. Rather, Appellees contend that expert proof was necessary. Appellants disagree, noting that there is no law that requires expert proof in trespass actions.

While we agree that expert proof is not required in all trespass actions, it is well-settled that

expert testimony is necessary when the subject matter requires that the court and jury have the aid of knowledge or experience not held by ordinary witnesses, *Lawrence County Bank v. Riddle*, 621 S.W.2d 735, 737 (Tenn.1981), and where common knowledge furnishes no criteria for judgment or where proof depends on observation and analysis outside the common experience of jurors, expert testimony is required to establish the proof.

*Hall v. State*, No. E2004-01635-CCA-R3-PD, 2005 WL 2008176, at *30 (Tenn. Crim. App. Aug. 22, 2005). Thus, when

issues . . . are not subject to an intelligent determination simply on the basis of deductions made and inferences drawn from ordinary knowledge, common sense, and practical experience gained in the ordinary affairs of life . . . the testimony of a witness with special knowledge and skill is *required* in order to arrive at an intelligent conclusion.

*Id.* (quoting *Lawrence County Bank*, 621 S.W.2d at 737); *see also* Tenn. R. Evid. 702 (stating that expert testimony is admissible "[i]f scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue"). However, "[i]f the finder of fact can comprehend the subject of expertise without expert testimony, then an expert witness is not necessary." *Miller v. Willbanks*, 8 S.W.3d 607, 615 (Tenn. 1999) (citing *Lawrence County Bank*, 621 S.W.2d at 737).

Here, it is undisputed that D&D Paving modified Appellees' property in several ways including paving and grading the driveway, moving substantial earth and gravel, and adding dirt and gravel. Appellants, however, reached a settlement agreement with D&D Paving, which excluded these alterations from consideration. As such, the trial

court specifically ruled that any damage that resulted, either directly or indirectly, from the work of D&D Paving was barred in this action; trespass caused solely by the pipe is Appellants' only remaining claim. With the extensive alterations made to Appellees' property by D&D Paving, however, it is possible that any of the modifications could have contributed and/or caused the purported trespass on Appellants' property. Determining whether the pipe alone caused the trespass to Appellants' land requires, at the very least, knowledge of water flow patterns, the effects, if any, of the land modification on the water flow, and the effects, if any, of the pipe alone on the water flow. The analysis required to separate the effects resulting solely from the pipe from the effects that also resulted from the work done by D&D Paving is therefore simply not within "'ordinary knowledge, common sense, and practical experience.'" **Hall**, 2005 WL 2008176, at *30 (quoting **Lawrence County Bank**, 621 S.W.2d at 737). Rather, expert testimony is necessary to establish causation based on the particular facts of this case. Appellants failed to offer any expert proof, at the summary judgment stage, to meet their burden of production as to causation.

In the absence of competent proof of causation, Appellants have failed to establish an essential element of their claim. Accordingly, the trial court did not err in granting summary judgment on this issue. Any question as to whether the trespass was permanent or continuing in nature is therefore pretermitted.

CONCLUSION

The judgment of the Davidson County Circuit Court is affirmed. The costs of this appeal are taxed to Appellants, Brent Ray and Christine Ray, and their surety, for which execution may issue if necessary.

_____

J. STEVEN STAFFORD, JUDGE